**FRANKSON v. CARTER & WEEKS STEVEDORING CO.**

Civ. No. 7412.

United States District Court
E. D. New York.

Jan. 27, 1949.

Thomas O'Rourke Gallagher, of Brooklyn, N. Y., for plaintiff.

Kirlin, Campbell, Hickox & Keating, of New York City (Vernon S. Jones, of New York City, of counsel), for defendant.

BYERS, District Judge.

Plaintiff seeks discovery under Federal Rules of Civil Procedure, rule 34, 28 U.S. C.A., in a personal injury suit in which he alleges that he fell through a hatch ('tween deck No. 3) on the S. S. Telemachus by stepping on a tarpaulin which covered a portion of it, the hatch boards having been removed. The accident happened on July 19, 1945, at about 11:45 A.M. and while the plaintiff, who was a member of the crew of the ship, was working near the hatch with others, stowing ship's stores. The ship was at her dock at the time, and the stevedores, who had been at work stowing cargo, had left this part of the ship not less than one hour prior to the happening.

The theory upon which the stevedoring company is sued, is that, before leaving this hatch, the gang had failed to safeguard the open part, and had improperly left any part of the hatchway uncovered, and had placed a tarpaulin over the open portion of the hatch without first rigging hatch boards in position so that the tarpaulin would have been supported by them.

The plaintiff seeks to examine and inspect:

1. Statements of defendant's employees "or other witnesses as to the accident".

2. Progress notes concerning the removal and replacement of hatch covers for 48 hours prior and 24 hours subsequent to the accident.

3. All investigators'. reports made before suit was started (i. e. July 25, 1946).

4. A list of names with addresses of defendant's employees who were employed at this hatch during the period embraced in item 2.

█ Without recounting at length the various matters discussed in the affidavits of counsel and their briefs, it is deemed proper to grant the motion to this extent:

(a) The defendant is to disclose in authoritative form the approximate time

when the stevedores left off work on the morning in question, at this hatch, main deck and 'tween. Also whether they had knocked off temporarily—and if so why—or whether the stevedores' job at hatch No. 3, main and 'tween, had been completed.

█ (b) The condition in which the hatch covering of No. 3 'tween was left, as to the hatch boards in place; and if not all, whether a tarpaulin was left covering the space not occupied by hatch boards.

(c) Whether a tarpaulin was left on top of any portion of the No. 3 'tween deck hatch.

With that information, the plaintiff will be able to develop, through other members of the ship's crew, whether any change was made in the hatch covering during the time that ship's stores were being stowed by members of the crew.

█ (d) The names and addresses of any persons in defendant's employ, or known to defendant, who were witnesses to the accident.

It seems to me that this is all the discovery from the defendant for which plaintiff has shown the good cause referred to in Rule 34, up to this time.

To the foregoing extent, the motion is granted, otherwise denied.

Settle order.