**AKTIEBOLAGET VARGOS et al. v. CLARK.**

**Civil Action No. 35347.**

United States District Court
District of Columbia.

Feb. 24, 1949.

636

Inzer B. Wyatt, of New York City, and Hugh H. Obear of Washington, D. C., for plaintiffs.

John L. Burling, of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

█ In determining the objections that have been filed by the defendant to the plaintiffs' interrogatories, I think it would be useful to review some basic principles governing interrogatories under existing Federal practice. In the Federal courts interrogatories serve two distinct purposes: First, to ascertain facts and to procure evidence, or secure information as to where pertinent evidence exists and can be obtained; second, to narrow the issues. These two functions of interrogatories are distinct and separate. The second function may be attained by exacting admissions or obtaining commitments as to the position that an adverse party takes as to issues of fact, but not as to issues of law. The utmost liberality should prevail in allowing a wide scope to the legitimate use of interrogatories. This course is in the interest of a fair trial, eliminating surprise and achieving substantial justice.

█ On the other hand, interrogatories are not to be used as a device or a stratagem to maneuver the adverse party into an unfavorable tactical position. To do so is to pervert a remedy designed to advance the disposition of controversies on their merits, into a weapon to revive what has been aptly denominated as "the sporting theory of justice"—the very shortcoming of the old procedure that the new rules were designed to cure.

█ So, too, interrogatories are not to be used in an oppressive manner. An adverse party should not be required to perform burdensome labors or to execute difficult and expensive tasks, in searching for facts and classifying and compiling data. A litigant may not compel his adversary to go to work for him.

█ Specifically, an interrogatory calling upon an adverse party to enumerate the items of evidence by which the latter expects to prove some ultimate fact is objectionable. It is likewise objectionable to demand by interrogatory a list of witnesses whom the adverse party expects to call at the trial to prove some specific fact.

█ True, under Federal Rules of Civil Procedure, rule 26(b), 28 U.S.C.A., which governs the scope both of depositions and interrogatories, it is permissible to inquire into the identity and location of persons having knowledge of relevant facts, for the purpose of discovery. This provision, however, must not be confused with an attempt

to secure a list of witnesses whom the adverse party intends to call at the trial.

On the basis of these general principles, the Court will allow interrogatories numbered 12, 14, and 15. The Court will sustain the objections to the remaining interrogatories, with the observation, however, that interrogatory numbered 2 may be proper if reframed and narrowed.

The parties may submit an order accordingly.