**FRANKSON v. CARTER & WEEKS STEVEDORING CO.**

United States District Court
E. D. New York.
Dec. 16, 1949.

Thomas O'Rourke Gallagher, Brooklyn, for plaintiff, for motion.

Kirlin, Campbell, Hickox & Keating, New York City, for defendant, in opposition.

INCH, Chief Judge.

This is a motion for reargument of a motion in which an order was entered on November 7, 1949, denying plaintiff's application to compel defendant's representative to answer certain questions and upon such reargument to grant the relief originally sought.

Plaintiff, a steward on board the S. S. Telemachus, sues for personal injuries sustained by falling through a partly open hatch which he claims was negligently covered with a tarpaulin by defendant's employees. Plaintiff's version of the facts is as follows: on July 19, 1945 the ship was docked at a pier in New York City where defendant's employees were loading cargo through hatch No. 3. At about 11 A.M. it started to rain and defendant's longshoremen half covered the hatch at the main deck, and reversing the covers, half covered the hatch at 'tween decks. Before leaving the hatch, the longshoremen covered both the closed portion and also the open portion of the 'tween decks hatch with a tarpaulin.

It is in that respect that plaintiff claims defendant's employees were negligent, since they did not provide safeguards around the open part of the hatch and failed to cover the hatch properly and securely.

At about 11:30 A.M. or about one-half hour after defendant's employees had left this hatch, the plaintiff and other stewards of the ship started to take on ship's stores through the hatch. In the course of his work plaintiff stepped back onto the tarpaulin covering the open part of the 'tween decks hatch and fell through, sustaining serious injury.

In January 1949 plaintiff moved for a discovery and inspection under Rule 34, Federal Rules of Civil Procedure, 28 U. S.C.A., and Judge Byers made an order on February 4, 1949, D.C., 9 F.R.D. 32, 33, granting the motion to the extent that defendant was directed to answer four in-

terrogatories. At the end of his opinion Judge Byers stated:

"It seems to me that this is all the discovery from the defendant for which plaintiff has shown the good cause referred to in Rule 34, up to this time.

"To the foregoing extent, the motion is granted, otherwise denied."

The fourth interrogatory stated: "4. Give the names and addresses of any persons in defendant's employ or known to the defendant, who were witnesses to the accident." Defendant's answer to that interrogatory was "None".

Thereafter in March, 1949 plaintiff made a motion for "an order directing defendant to further answer interrogatories as directed in the order of February 4th, 1949." One of the items of information which plaintiff requested that defendant be directed to furnish was "(a) the names and addresses of all witnesses in this case, whether eyewitnesses or otherwise, * * *." The motion papers indicate plaintiff was seeking to obtain the names and addresses of defendant's stevedoring gang which left the hatch one-half hour before the accident.

Judge Kennedy referred the motion to Judge Byers who denied it, without opinion, in an order dated March 31, 1949.

Then on May 4, 1949 plaintiff's counsel served notice upon defendant's counsel pursuant to Rule 26 that he would take the testimony of an officer and certain other employees of the defendant. By agreement between the parties the defendant produced one of its officers whose testimony was taken. On advice of counsel the witness refused to answer any questions concerning the names and addresses of defendant's employees who were working at the hatch prior to the accident. The ground of the objection was that Judge Byers had denied plaintiff's application for the same information and that plaintiff was attempting to obtain it in another way and in violation of that order.

Plaintiff then made a motion (apparently under Rule 37) to compel the witness to answer. The motion was denied by me by an order dated November 7, 1949 with the following memorandum: "The relief requested here has been before Judge Byers who has rendered his decision as to the extent it is made possible. I see no reason to review, if it was proper to do so, the order of Judge Byers. This motion is denied."

Plaintiff now makes the instant application to reargue the motion and upon such reargument to grant the original relief requested. He contends that he did not intend to have the Court review the prior action of Judge Byers which was a different application in a different proceeding, but that this is simply an application to compel the witness to answer, under Rule 37, questions propounded to the witness in an oral examination under Rule 26. He says that under the Rules two remedies were open to him, one under Rule 34 for a discovery and inspection which is relatively restricted and which is granted only when "good cause" is shown, and the second under Rule 26 for an oral examination which is more liberally granted. His position is that having exhausted his remedy under Rule 34, he may now proceed under Rule 26 and that Judge Byers' ruling on his application under Rule 34 is not *res adjudicata* as to the instant application, and finally that plaintiff is entitled to this information.

The defendant, on the other hand, contends that "the plaintiff's repeated assertions that his first motion was for production and inspection is inaccurate. His first motion was to compel the defendant to answer interrogatories, giving the names and addresses of its employees at the hatch. Interrogatories are provided for by Rule 33, and it is that rule and not Rule 34, dealing with production of documents, which was involved. The essential question, therefore, is relationship between Rule 33 (interrogatories) and Rule 26 (oral examination)." Defendant then argues that "it is now definitely settled that Rule 33 and Rule 26 have exactly the same scope. They provide for exactly the same relief except that under one the question

is in writing and under the other oral." Thus defendant concludes that Judge Byers' ruling on the written interrogatories is controlling on the decision of this motion.

An examination of plaintiff's motion papers on the first motion before Judge Byers indicates clearly that on that application plaintiff moved for a discovery and inspection under Rule 34. Not only does Judge Byers' opinion specifically so state, but in granting plaintiff partial relief (by directing the defendant to furnish four items of information), it also specifically sets forth that "this is all the discovery from the defendant for which plaintiff has shown the good cause referred to in Rule 34, up to this time." The fact that the information was to be furnished in the form of answers to interrogatories as set forth in the order, did not change the nature of the application or the fact that such relief was being accorded under Rule 34 for a discovery and inspection which permits the granting of relief only on certain specified conditions. As I stated in Marzo v. Moore-McCormack Lines, D.C., 7 F.R.D. 378, 380: "While it is the spirit of the new Rules that they shall be liberally construed toward the end of bringing into the open all information possibly relevant to the issues, it is obvious that the framers did not intend that the production of documents under Rule 34 should be as unrestrained as examination of persons under Rule 26—Rule 34 contains four conditions to the relief it authorizes and the court would not be justified in directing production of documents unless these conditions are complied with. (Cases cited.) The four conditions are: (1) 'showing good cause' by the party seeking to compel the production of (2) 'designated' documents, etc., (3) 'which constitute or contain evidence material to any matter involved' (4) and are in the 'possession, custody or control' of the person against whom the order is sought."

Rule 26, however, defines the scope of the examination under that Rule as follows: "(b) Scope of Examination. Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, discription, nature, custody, condition and location of any books, documents, or other tangible things and *the identity and location of persons having knowledge of relevant facts*. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis supplied.)

Thus the scope of an oral examination under Rule 26 is broader than that for a discovery and inspection of documents under Rule 34 and the Rule specifically provides that a deponent may be examined regarding "the identity and location of persons having knowledge of relevant facts." As plaintiff contends, there is no reason why a party may not pursue an inquiry under Rule 26 after having exhausted his remedy under Rule 34. Recourse to one rule does not necessarily bar recourse to another. For example in the Marzo case, supra, in denying in part a discovery and inspection under Rule 34, I said, 7 F.R.D. at page 380: "Plaintiff would do better to ascertain by interrogatories the existence and identity of any reports or statements which may have been made, so that he could properly designate them for production."

However, even if the questions in Judge Byers' order of February 4, 1949 are deemed to have been "written interrogatories" within the meaning of Rule 33 it has been held in Howard v. States Marine Corporation, Hulbert, J., 1 F.R.D. 499, at page 500, that "Where it develops that examination by interrogatories has been inadequate, the court unquestionably has, and in a proper case should exercise, discretion to permit an oral examination. But, it should be made to clearly appear that the relevant subject matter will not

involve the interrogation of the witness with respect to those particulars upon which he was examined by interrogatories."

That decision was followed in Stevens v. Minder Construction Corporation, 3 F. R.D. 498, Caffey, J., where the Court said: "Moreover, even if the questions attached to the answer were deemed to have been 'written interrogatories,' within the meaning of rule 26(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that would not preclude the defendant, under the same rule, from taking the deposition of the plaintiff 'upon oral examination.' It has been so ruled by this court. Howard v. States Marine Corporation, D.C., 1 F.R.D. 499, 500. Cf. Currier v. Currier, D.C., 3 F.R.D. 21."

The interrogatories propounded to the witness thus far have been limited to whether or not defendant has the names and addresses of eyewitnesses. In view of plaintiff's theory of recovery he is entitled to examine defendant's representative concerning the names and addresses of the longshoremen who were working at the hatch shortly before the accident and who plaintiff claims left the hatch in a dangerous condition, and to this extent on this reargument, plaintiff's motion is granted.