## FIDELIS FISHERIES, Limited v. THORDEN et al.

## THE KRISTINA THORDEN.

United States District Court
S. D. New York.

Jan. 23, 1952.

Alexander & Ash, New York City, for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, for claimant-respondent.

WEINFELD, District Judge.

Rule 26(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., permits an examination concerning "the identity and location of persons having knowledge of relevant facts."

The respondent, going beyond the express language of the rule, has served an interrogatory to require libelant to state the name and address "of each and every witness *libelant intends to call in its behalf upon the trial* of this action." [1]

Libelant's exception presents the issue as to whether, within the contemplation of the discovery rules a party, in advance of trial, should furnish his adversary with a list of his proposed trial witnesses. The issue has not heretofore been passed upon in this district. Rulings in other districts are not

1. Emphasis supplied.

in harmony, but the greater number hold that a party need not furnish such a list.[2]

The objectives of the deposition-discovery procedure have been defined as (1) to narrow and clarify the basic issues between the parties; and (2) to ascertain facts, or information as to the existence of facts, relative to those issues. Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451.

I believe that these essential purposes are not necessarily achieved by requiring a party, in the absence of unusual circumstances, to list in advance the names of witnesses he intends to call upon the trial. Moreover, by requiring a party to furnish such a list, he may be placed at unnecessary disadvantage,

As to the first point, if we assume that the libelant knows of ten witnesses but for reasons satisfactory to trial counsel he intends to rely upon five to establish his case, the answer to the interrogatory as framed would give to the respondent only the names of those five witnesses. Omitted from the list would be the remaining five witnesses who may have information of much value or whose testimony may lead to information of much value, in aid of the respondent's case. Thus, a major purpose of the deposition-discovery procedure would be frustrated rather than advanced by the service of such a list. On the other hand, if the respondent received from the libelant, as specifically set forth in Rule 26(b), a statement of "the identity and location of persons having knowledge of relevant facts", without regard to whether or not his adversary planned to call all or any number of them upon the trial, respondent would be in a position to interview witnesses, obtain their testimony under the Rules, attempt to discover leads "as to where evidence may be located" and use every facility for full and thorough preparation for trial. The service of such a list, rather than one of proposed trial witnesses, serves to eliminate "the 'sporting theory of justice' ".[3]

Moreover, there is inherent disadvantage to a party to compel him to state in advance of trial those witnesses he intends to call. In the practical conduct of trials, circumstances may cause an experienced trial lawyer to dispense with a witness' testimony after first contemplating it. Reasons readily suggest themselves. The testimony of a witness may be cumulative; his version may be hearsay or inadmissible upon the trial, although for purposes of deposition-discovery procedure, entirely relevant to the subject matter of the action;[4] a witness may have turned hostile; a witness, as sometimes witnesses do, may have suffered a lapse of memory on the eve of trial, or his testimony, while generally supporting the version of a party's other witnesses, may in a single aspect differ and be contradictory and so harmful rather than helpful to the theory of his case. Thus, a litigant would be placed in the position of explaining away the failure to call an announced witness when events subsequent to the service of the list warranted dispensing with his testimony, especially if the other party were to contend that he was misled and had relied upon his adversary to produce the witness at the time of trial.

It is recognized that witnesses "do not belong to either side" and where their names are known to all, they may be sub-

2. Cogdill v. Tennessee Valley Authority, D.C.E.D.Tenn., 7 F.R.D. 411; Coca Cola Co. v. Dixi-Cola Laboratories, Inc., Md., 30 F.Supp. 275; McNamara v. Erschen, D.C.Del., 8 F.R.D. 427; Aktiebolaget Vargos v. Clark, D.C.D.C., 8 F.R.D. 635. Contra: Nicklas v. Western Union Telegraph Co., Southern District of Florida, No. 1183-J Civil, March 4th, 1947, per Strum, D. J.; Kling v. Southern Bell Tel. & Tel. Co., D.C.S.D.Fla., 9 F.R.D. 604.
   Professor Moore has made the most extended argument in support of the furnishing of a list of trial witnesses; 4 Moore's Federal Practice, Second Edition, ¶26.19.

3. Hoffman v. Palmer, 2 Cir., 129 F.2d 976, 996, affirmed 318 U.S. 109, 63 S. Ct. 477, 87 L.Ed. 645.

4. Rule 26(b), Federal Rules of Civil Procedure; Kaiser-Frazer Corp. v. Otis & Co., D.C., 11 F.R.D. 50, 53-54; 4 Moore's Federal Practice, Second Edition, ¶26.16.

poenaed by either side or both—a fairly common occurrence—which subjects the witness to no more inconvenience than if one party summoned him.

Upon balance, I am persuaded that a list containing the "identity and location of persons having knowledge of relevant facts" as specifically provided by Rule 26 (b), rather than one of proposed trial witnesses, reflects sound policy and is more in accord with the objectives of the deposition-discovery procedure. Such a list means the disgorging by a party of "whatever facts he has in his possession"[5]; a list of trial witnesses could defeat that purpose.

To obviate the likelihood of a surprise witness whose identity may have been ascertained after the list of known witnesses is served, the order to be entered herein shall contain an appropriate provision that in such event the name of the witness shall be furnished to the other party promptly after ascertainment.

The above views are not intended to apply to expert witnesses intended to be called by a party upon the trial, where a different rule may be warranted, but that issue is not now before the Court.

The exception to Interrogatory No. 8 is sustained and the same shall be reframed in accordance with the above ruling. Settle order on notice.

---

5. Hickman v. Tayolr, supra, 329 U.S. at page 507, 67 S.Ct. at page 392.