SHEFFIELD CORP. et al.

v.

GEORGE F. ALGER CO.

Civ. No. 1736.

United States District Court
S. D. Ohio, W. D.
May 12, 1954.

Curtner, Brenton & O'Hara, Dayton, Ohio, for plaintiffs.

Hugh H. Altick (of Matthews & Altick), Dayton, Ohio, Isaac & Postlewaite, Columbus, Ohio, for defendant.

CECIL, District Judge.

This case is before the court on a motion of the defendant for transfer to the

Northern District of Illinois, Eastern Division, Chicago, and motions ad infinitum filed by counsel on both sides, directed at proceedings instituted under the Discovery rules.

■ The plaintiffs' choice of forum should rarely be set aside unless the balance as to the convenience of the parties and the witnesses is strongly in favor of the defendant. International Union of Electrical Radio and Machine Workers, C. I. O., v. United Electrical Radio and Machine Workers of America, 6 Cir., 192 F.2d 847; Nicol v. Koscinski, 6 Cir., 188 F.2d 537.

■ The plaintiffs in their complaint claim that the defendant is a common carrier and that it was engaged in transporting a machine from the plaintiff, the Sheffield Corporation in Dayton to Chicago, Illinois, and that the machine was damaged at the point of its destination.

The defendant claims that the machine was negligently packaged at the point of shipment by the plaintiff, The Sheffield Corporation. It is obvious that there are witnesses both in Dayton and in Chicago. The matter of transfer is largely in the discretion of the court. In a situation of this kind, the court cannot weigh exactly the advantages of one forum over the other. The defense has made no clear case that it will be more convenient for all of the witnesses and parties to have this case tried in Chicago rather than in Dayton. Neither is there any showing that the interests of justice will be better served by having the trial in Chicago.

The court may assume that the dockets of a large metropolitan city like Chicago are more crowded than they are in Dayton and thus, it might take much longer to get the case to trial in Chicago than it would in Dayton. This would be contrary to the interests of justice. For these reasons, the motion of the defendant for a transfer will be overruled.

Counsel for plaintiffs have filed a motion for an order to inspect, copy or reproduce certain items. The motion sets forth four enumerated statements referring to the subject matter which the plaintiffs seek to inspect, copy or reproduce.

Counsel for the defendant have stated that they have no objection to No. (1). They specifically object to No. (4). Since a motion itself presents an issue which calls for an order from the court to either sustain or overrule, the court considers that Nos. (2) and (3) are also before the court for allowance or disapproval. No. (4) reads as follows: "All material, reports, statements, technical data and references to the improper packaging of plaintiffs' machinery as referred to in paragraph 5 of the answer."

■ This is a typical example of what the court considers to be an improper statement, whether used in the form of an interrogatory under Rule 33, 28 U.S.C.A., or a request for the submission of documents for inspection, under Rule 34.

It appears that counsel vie with each other in attempting to make an all-inclusive and comprehensive statement in seeking facts under these rules. Counsel should, instead, endeavor to see how definite a statement they could make.

Rule 34, now under consideration, gives counsel a wide latitude in the type of material which they may obtain for inspection, copying or reproduction. This does not mean, however, that counsel should copy the language of the rule in the abstract. Not everything provided for in the rule is applicable to every case.

The court desires to point out that the motion is to be directed to a party for such things as may be in his possession, custody or control. It also refers to designated items, designated papers, designated books, designated accounts, designated letters, designated

photographs, designated objects and finally to tangible things.

To begin with, any interrogatory or request for submission that uses the word "all" is bad. "All" is a relative term when used in reference to evidence. When does one know that "all" has been submitted, or how can the court make an enforcible order with reference to "all" of anything?·

This statement uses the words "material," "reports", "statements", "technical data" and "references" in pari materia. The request is that such of these things as relate to improper packaging of plaintiffs' machinery referred to in paragraph 5 of the answer be submitted for inspection.

Paragraph 5 of the second defense of the answer, which is apparently the one meant, contains no reference to such things. "Material" does not appear to be a tangible thing. "Technical data" may be the information in someone's head. "Reports" and "statements" do not appear to have any particular designations. "And References" appears to have no ·connection with documents which might be produced for inspection.

The Discovery rules are designed to assist the court and counsel. They should not confuse or seek to require a lawyer or a party to turn over his files or write a broad résumé of the case.

■ There are a number of Discovery rules and they are designed to be used together. If counsel does not know what material exists, the court would suggest the use of depositions whereby it could be ascertained. Counsel could then make requests intelligently for the production of documents, under Rule 34.

It should be noted that Rules 33 and 34 are limited in scope by the provisions of Rule 26(b) and they are both subject to the protection provided for in Rule 30(b). In addition to specific protections authorized by Rule 30(b), it is stated in the rule that "the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

What the court has here said with reference to request No. (4) for production of items is applicable to a number of requests for inspection and objections to interrogatories which are now before the court. The court will pass upon the rest of the requests and objections in the light of this discussion, without repetition.

The first and third requests in the plaintiffs' motion for an order for the production of documents and photographs will be sustained. The second and fourth requests will be overruled.

The first three requests contained in the motion of the defendant to require the plaintiff, The Sheffield Corporation, to produce certain items, will be overruled.

The fourth request will be sustained to the extent of requiring production of policies which covered the shipment in question. It will be noted that this leaves out of consideration the phrase "could be" covered.

The fifth request will be sustained.

The first request contained in the motion of the defendant for production of items directed to the plaintiff, Atlantic Mutual Insurance Company, will be sustained. The second and third will be overruled.

The fourth will be sustained to the extent of requiring the production of photographs. The requests for documents, maps or drawings made or obtained by plaintiff, its agents or representatives during its investigation is not sufficiently definite for the court to determine whether or not there are any documents designated as such.

The defendant's objection to the plaintiffs' interrogatory No. 1 will be sustained. Parties cannot be required to

give the names of witnesses they expect to use at the trial.

Defendant's objection to plaintiffs' interrogatory No. 2 will be sustained.

Defendant's objection to plaintiffs' interrogatory No. 3 will be sustained.

Defendant's objection to plaintiffs' interrogatory No. 4 will be sustained.

Defendant's objection to plaintiffs' interrogatory No. 10 will be sustained. The plaintiffs' claim is against the defendant, not its insurance company. The insurance company might be brought in at a later time should plaintiff obtain a judgment and the defendant refuse to pay.

Defendant's objection to plaintiffs' interrogatory No. 11 will be sustained. This interrogatory calls for a mixed conclusion of law and fact.

Counsel for defendant have submitted interrogatories to both plaintiffs.

Counsel for the plaintiffs have objected to all of the interrogatories submitted by the defendant to both plaintiffs.

The court will overrule the plaintiffs' objection to the first interrogatory submitted by the defendant to the plaintiff, Atlantic Mutual Insurance Company.

The court will sustain plaintiffs' objections to the second, third and fourth interrogatories submitted by the defendant to the plaintiff, Atlantic Mutual Insurance Company.

As to the fourth interrogatory, it is to be noted that the court has previously allowed the defendant's request to produce the policy in question. If counsel has an opportunity to inspect the policy, the information sought by interrogatory No. 4 can be ascertained.

The court will overrule plaintiffs' objections to interrogatories No. 2, 8 and 15, submitted by the defendant to the plaintiff, The Sheffield Corporation.

Plaintiffs' objections to all other interrogatories submitted by the defendant to the plaintiff, The Sheffield Corporation, will be sustained. In sustaining these objections, the court is of the opinion that many of them have the effect of creating annoyance, embarrassment and oppression to the plaintiff.

Some of the interrogatories to which objections are sustained, seek some proper information and then go off in a quest for information on a basis that is too comprehensive and improper.

■ The writer of this opinion does not believe it is the duty of the court to separate interrogatories and allow parts to be answered if there are other improper parts contained in the interrogatory. Interrogatory No. 3 is an example of this.

The court is of the opinion that a request to designate the contributions and responsibilities of persons taking part in a certain operation is improper.

There is a motion before the court filed by the plaintiffs to require the court to strike from the files, the motion of the defendant for a transfer of this case to the Northern District of Illinois. The court understands that this motion was withdrawn by counsel for plaintiffs at the time of the oral hearing on the motions and objections.

An order may be drawn in accordance with the rulings herein made.