CENTRAL HIDE & RENDERING CO.,
Inc., et al., Plaintiffs,

v.

B–M–K CORPORATION, Defendant.

Civ. A. No. 1692.

United States District Court
D. Delaware.

April 20, 1956.

See also 19 F.R.D. 290, 19 F.R.D. 296.

Thomas Cooch (of Connolly, Cooch & Bove), of Wilmington, Del., Robert I. Lipton (of Bryant, Lipton, Strayhorn & Bryant), of Durham, N. C., and C. Earl Hovey, of Kansas City, Mo., for plaintiffs.

Clarence W. Taylor (of Hastings, Lynch and Taylor), of Wilmington, Del., and Edward B. Beale, of Washington, D. C., for defendant.

RODNEY, District Judge.

This is an action for declaratory judgment concerning the alleged non-infringement and invalidity of the defendant's patent.

This memorandum is one of several directed to separate questions which have arisen and solely concerns interrogatories propounded by the defendant to all the plaintiffs.

There are some thirty odd plaintiffs and by mutual agreement it was arranged that a series of depositions would be first taken on the issue of non-infringement, and subsequently a like course pursued on the issue of validity including the issue of prior use. An elaborate series of depositions on the issue of non-infringement have already been taken.

In anticipation of depositions in Chicago and in California on the issue of validity of the patent the present interrogatories were propounded. There are nine interrogatories with a number of subdivisions. They all seek information as to the witnesses and the method, character and nature of the evidence on the issue of validity of the defendant's patent which the plaintiffs will introduce *at the trial.*

The interrogatories require information as to the type of evidence to be offered at the trial (whether it be oral

or written, with the name and address of each witness who will testify at the trial as to each separate item of evidence and where such evidence may be obtainable by the counsel for the defendant); whether such evidence is to be offered on examination in court or by deposition and where each such deposition is to be taken and copies of the documentary evidence.

It should be noted that heretofore in this case counsel have cooperated to the extent that the names of witnesses to be examined by deposition have been furnished in advance of the taking of depositions with certain negligible exceptions.

While the interrogatories concern the nature of evidence at the trial, yet the defendant's counsel at the argument seems to desire by the interrogatories, to know what the witnesses at the depositions will testify to so that he can be prepared at that time to cross examine such witnesses intelligently and understandingly. Counsel insists that such advance knowlege is necessary since the depositions, perhaps, are intended to be offered at the trial and that the defendant must make an effective cross examination at the taking of depositions or go to considerable expense of subsequent depositions of the same witnesses.

Whatever merit this argument may have and expressing no opinion as to whether a party may be informed in advance of the taking of depositions as to what evidence will be presented at the taking of such depositions, it seems sufficient to say that interrogatories are not phrased to restrict the information to those depositions. The interrogatories as presently phrased are clearly intended to narrow the issues at the trial, to ascertain in detail what evidence is to be relied upon at the trial and how that evidence is to be presented at the trial. Answering such interrogatories at this juncture would require the plaintiffs to fully formulate their proposed trial plan and the specific evidence to be used at the trial and to disclose at this time such plan and evidence. This action would be required at a time prior to having all their evidence before them, and at a time when such evidence may be subject to substantial variation in the light of the depositions to be taken. Liberal though discovery rules are and properly should be, there seems to be no reason to require the plaintiffs at this stage of the proceedings to do what is now desired. In McNamara v. Erschen, D.C., 8 F.R.D. 427, this Court indicated that the conduct of the trial, with the determination of what precise witnesses are best available to prove a relevant fact, should not be circumscribed by compelling a party to state at an early stage the trial witnesses to be later examined.

Appreciating the desire of counsel for the defendant to more effectually perform his services at the taking of the suggested depositions, yet before the case is finally brought on for trial he is not without remedies to prevent surprise. He may himself take such depositions as may seem necessary to meet or elaborate disclosures made by previous depositions; he may at a subsequent pre-trial conference be informed of the issues to be presented at the trial and the method of meeting those issues and, of course, is entitled to the procedure set out in 35 U.S.C. § 252, which provides a stipulated notice of certain evidentiary facts to be used in the litigation of a patent suit.

I am of the opinion that at the present stage of the trial preparation the plaintiffs need not answer the interrogatories presently propounded. The defendant is entitled, of course, to a notice of the depositions to be taken and which we assume will be given.

An appropriate order may be submitted.