Marie A. RICHARDS, Administratrix,

v.

MAINE CENTRAL RAILROAD.

Civ. No. 5-54.

United States District Court
D. Maine, S. D.

Dec. 10, 1957.

Edward J. Beauchamp, Daniel J. Murphy, Lewiston, Me., for plaintiff.

Leonard A. Pierce, Vincent L. McKusick, Portland, Me., for defendant.

GIGNOUX, District Judge.

The ruling presently announced arises upon the defendant's Objections, filed December 3, 1957, to the plaintiff's Interrogatories, dated November 19, 1957, and the accompanying Affidavit of Vincent L. McKusick, Esq., in support of the defendant's Objections.

For a statement of the nature of the principal action reference is made to the Memorandum of Delehant, J. in these proceedings dated September 30, 1957. D.C., 21 F.R.D. 590.

Hearing upon the aforesaid Objections was held before this Court on December 10, 1957. At the hearing plaintiff withdrew Interrogatories numbered 4, 5 and 8, and argument was limited to Interrogatories numbered 6 and 7.

The written and oral arguments of counsel having been considered, the Court at this time will simply announce its ruling and very briefly indicate the reasons therefor.

The Court sustains the objections of the defendant to Interrogatories numbered 6 and 7 and absolves the defendant from any obligation to answer these interrogatories, or either of them.

■ Interrogatory numbered 6 inquires as to the facts upon which the defendant will rely in its defense of contributory negligence. In the opinion of the Court such facts are sufficiently set forth in Paragraph numbered 8 of the defendant's Answer, and no further statement of such facts is necessary.

■ Interrogatory numbered 7 inquires as to the names and addresses of all witnesses whom the defendant will call at the trial of the case. In its Answer, filed August 27, 1957, to plaintiff's Interrogatory numbered 4, dated August 9, 1957, the defendant has already stated the names and addresses of all persons, of whom the defendant has knowledge, who saw or witnessed the accident from which the principal action arises. The Court has noted the division of authority as to the right of a party by interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. to require his adversary to furnish a list of the witnesses whom the latter proposes to call at the trial. The substantial weight of authority is to the effect that a party may not be required to furnish a list of such witnesses, and that while he may call for the names of persons who have knowledge of the facts, he may not require specification of the names of those who will be called by his adversary to testify. See 2 Barron and Holtzoff, Federal Practice and Procedure, Sec. 650 (1950); 4 Moore Federal Practice, par. 26.19 (1950). This Court concurs with the majority view and, therefore, holds that the plaintiff, having already been furnished with the names of all persons, who, to the defendant's knowledge, saw or witnessed the accident, is not entitled to the names of those persons whom the defendant proposes to call as its witnesses at the trial.

In view of the foregoing Ruling Interrogatories numbered 1, 2 and 3 become moot, the defendant's objections to these interrogatories are also sustained, and the defendant is absolved from any obligation to answer these interrogatories.

A written order giving effect to the foregoing Ruling is being prepared and entered herewith.