Phoebe **BREELAND**, as Administratrix of the goods, chattels and credits of John H. Greene, deceased, and Bessie Sue Greene, an infant, by her general guardian Phoebe Breeland, Plaintiffs,

v.

**YALE AND TOWNE MANUFACTURING CO.**, Defendant.

Civ. A. No. 60-C-190.

United States District Court
E. D. New York.
July 19, 1960.

Harry H. Lipsig, New York City, for plaintiffs.

Alexander, Ash & Schwartz, New York City, for defendant, Edward Ash, New York City, of counsel.

ABRUZZO, District Judge.

The defendant excepts to interrogatories propounded by the plaintiff to the defendant upon the ground that they cause annoyance, expense, embarrassment or oppression to the defendant and are irrelevant and immaterial. There are 58 numbered interrogatories propounded and most of these 58 contain a number of subdivisions so that the total number propounded exceeds 200.

When the motion was argued the Court asked counsel for the plaintiff if he was going to examine the defendant before trial after the interrogatories were answered and counsel gave an affirmative answer.

In Riss & Co. v. Association of American Railroads, D.C., 23 F.R.D. 211, at page 212, it was said:

"In dealing with interrogatories involving substantial amounts of research and compilation of data, the courts have often exercised their discretion and applied a kind of 'rule of reason' in the construction and application of Rule 33. As Judge Holtzoff pointed out in Aktiebolaget Vargos v. Clark, D.C.D.C. 1949, 8 F.R.D. 635, at page 636:

"So, too, interrogatories are not to be used in an oppressive manner. An adverse party should not be required to perform burdensome labors or to execute difficult and expensive tasks, in searching for facts and classifying and compiling data. A litigant may not compel his adversary to go to work for him."

In Schotthofer v. Hagstrom Construction Co., D.C., 23 F.R.D. 666, at pages 667–668, the Court held:

"Although Rule 33 expressly provides that the deposition procedure and procedure upon written interrogatories may be successively employed in a proper case to require an adverse party to disgorge all relevant facts within his knowledge, the device of using the two procedures successively should be carefully scrutinized by the Court. Such use of the two procedures may too easily become an instrument for oppression. When, as in this case, a party has submitted to the taking of his deposition at the request of his opponent and thereafter he is served with written interrogatories by the same opponent, to the extent that the interrogatories make inquiry into the same particulars covered in the prior deposition the use of interrogatories is an abuse of the discovery procedure and is oppressive within the meaning of Rule 30(b). Cf., Frankson v. Carter & Weeks Stevedoring Co., D.C.E.D.N.Y.1949, 9 F.R.D. 713.

" * * * Voluminous interrogatories requiring written answers involving minute factual details may be unreasonable and impose an undue burden upon the party to whom they are addressed. Ibid. The

weight of the tendency to burden and oppress is enhanced where the interrogatory procedure follows use of the deposition procedure under Rule 26."

Answering the voluminous interrogatories requested by this plaintiff would require the defendant to perform a burdensome task in classifying and compiling data involving minute factual details.

In view of counsel's statement that subsequent to the procurement of answers to the interrogatories he would examine the defendant before trial, the Court is convinced that the use of the two procedures would be an abuse of the interrogatory procedure within the meaning of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The defendant's exceptions to the interrogatories are sustained. Submit order not later than July 28, 1960.