Mary Ann Sigmund MILLER, widow of William W. Miller and co-administratrix of the Estate of William W. Miller and Lindley G. Miller, co-administrator of the Estate of William W. Miller, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 2207.

United States District Court
D. Delaware.

March 3, 1961.

E. N. Carpenter, II, and E. Norman Veasey, (Richards, Layton & Finger), Wilmington, Del., for plaintiffs.

Leonard G. Hagner, U. S. Atty., Ralph F. Keil, Asst. U. S. Atty., Wilmington, Del., and Milan M. Dostal, Dept. of Justice, Washington, D. C., for defendant.

RODNEY, Senior District Judge.

Plaintiffs brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq. to recover for the wrongful death of plaintiffs' decedent and the loss of an airplane in a crash which occurred in Delaware on September 23, 1958. The case is presently before this Court on defendant's objections to certain of plaintiffs' interrogatories.

■ Preliminarily, however, to the determination of these objections some slight consideration must be given to a contention of the plaintiff that the defendant has waived all objections to the interrogatories by a failure to comply strictly with Rule 33 F.R.Civ.P., 28 U.S. C. It will be noted that the defendant has not "refused" to answer interrogatories thereby making applicable the provision of Rule 37 on the application of the proponent of the questions.

Rule 33 insofar as here material provides:

"Within 10 days after service of interrogatories a party may serve written objections thereto *together with a notice of hearing the objections at the earliest practicable time.*"

The defendant filed timely objections to certain interrogatories but did not comply with the concluding words of the Rule, as herein italicized, and this omission the plaintiff contends is a waiver of the objection to the interrogatories.

I have found no reported case in which this question has arisen.[1]

The exact purpose of the concluding portion of the Rule is not entirely clear to me. I assume that in every District the time of argument on the objections is within the sole but reasonable control and discretion of the courts. At most, the exact compliance with the language of the Rule is to indicate that the objector agrees to a hearing at the earliest practicable time. In some Districts the earliest practicable time is a fixed motion day and in others the objections go upon the argument list to be taken up in due course. If this time is not "the earliest practicable time" then such time may be advanced by the Court upon its own motion or that of one of the parties. This is not to say that the Rule should not be strictly adhered to, and I think that it should be. As indicated in Rule 1, one purpose of all the Rules is to obtain a "just" determination of causes, and to hold that the defendant has waived all objection to the interrogatories because of the stated omission seems to me not a "just" determination but a return to the rigors of common law pleading with all its attendant penalties. Only a binding authority would impel me to hold that the objector, because of the given omission, had waived all objections. Finding no such authority, I cannot so hold.

It appears that when the defendant served its objections to the interrogatories upon counsel for the plaintiffs, the latter was informed by letter, "I will try to arrange with the Court an agreeable date for a hearing on the Objections to the Interrogatories and will notify you."

In view of the foregoing conclusion reached by me it is unnecessary to consider this communication as any sufficient compliance with the Rule. It was not

1. In New Castle County, Delaware, on July 28, 1958 in Jackson v. Hance, the Superior Court held in an unreported decision and under a precisely similar Rule, that by reason of the failure to include the portion of the Rule now considered, the answering party had waived all objections except those relating to privilege or attorney work product. The Court for its conclusion cited only Bohlin v. Brass Rail, D.C., 20 F.R.D. 224, and Cleminshaw v. Beach Aircraft Corporation, D.C., 21 F.R.D. 300. Both of these cases concerned only the failure to file any timely objection.

filed in Court with the objections. It did, however, at least notify the proponent of the interrogatories of the willingness of the objector for an early hearing, if "an agreeable date" is to be considered as tantamount to "the earliest practicable time" as set out in the Rule.

The interrogatories to which objections are now considered are Nos. 17, 18, 20, 21 and 22. Since defendant's objections to the first four interrogatories are identical, they will be considered together.

Interrogatory 17 asked:

"17. Specify in detail the act or acts of negligence committed by plaintiffs' decedent, William W. Miller, and referred to in the second defense averred by the defendant."

Interrogatory 18 asked:

"18. Does defendant contend that plaintiffs' decedent, William W. Miller, violated any Civil Air Regulations? If so, specify in detail the violations which defendant contends occurred, and cite each Civil Air Regulation so violated, and furnish the names and last known addresses of all persons having knowledge of such violations."

Interrogatory 20 asked:

"20. What are the risks referred to in the fourth defense which defendant claims gave rise to the injuries and damages plaintiffs received?"

Interrogatory 21 asked:

"21. Describe in detail the cause of the 'unavoidable accident' referred to in the fifth defense averred by the defendant."

To each of these interrogatories defendant interposed the same objection:

"Defendant objects to Interrogatory No. 17, [18], [20], [21] on the ground that it requests legal conclusions, contentions and opinions."

It does not appear from a careful consideration of these interrogatories and objections that there is now presented the much vexed question of whether interrogatories should be confined to the disclosure of known facts or whether, in addition, interrogatories may require opinions, conclusions or contentions. I herein confine the question to contentions.

It will be noted that under Rule 12(b) the defendant must set forth "Every defense, in law or fact, * * *" as to the claim of the plaintiff. These are the defendant's contentions.

### Interrogatory No. 17

The defendant by the second defense in its answer has set up the defense of contributory negligence. Interrogatory 17 simply asks for the facts involved in that stated defense. The objection is overruled and the Interrogatory should be answered.

### Interrogatory No. 18

Interrogatory No. 18 is not based upon any specific defense or contention set out in the answer. It is not suggested that Interrogatory No. 18 has reference to any defense other than contributory negligence. If a complete answer is made to Interrogatory No. 17 concerning the defense of contributory negligence, it would seem that such answer would be sufficient for Interrogatory No. 18. The objection to No. 18 is sustained and it need not be answered.

### Interrogatory No. 20

The defendant by its fourth defense sets out that the plaintiffs' decedent in operating the aircraft assumed certain obvious risks, and that the injuries complained of arose from and were caused by such risks. No. 20 simply asks for the facts upon which is based the contention of assumption of risk as set out in the answer, and therefore the objection is overruled and No. 20 should be answered.

### Interrogatory No. 21

The defendant by its fifth defense sets forth that the mishap was an unavoidable accident for which the defendant was not responsible. The plaintiffs by their Interrogatory simply ask for the facts constituting the cause of the alleged unavoidable accident. An unavoidable accident may be defined as one

which occurs while all parties concerned are exercising ordinary care. It is an inevitable occurrence not to be foreseen and prevented by ordinary vigilance, care and attention. Whether Interrogatory No. 21 can be answered under oath is not entirely clear. If the causative facts constituting an unavoidable accident are known, the Interrogatory should be answered. At this time I can do no more than overrule the objection and hold that the Interrogatory should be answered.

### Interrogatory No. 22

Interrogatory No. 22 involves a different principle from the foregoing interrogatories and is in the following language:

> "State the name and present address of each person who will testify for defendant as an expert."

It is assumed that by this Interrogatory a distinction is drawn between an ordinary or factual witness and an expert witness. This Court has held that, by interrogatory, the names of all persons having knowledge of the facts in dispute must be disclosed. This Court has also held (in accordance with what is deemed the majority rule) that the names of the factual witnesses to be called at the trial need not be disclosed upon interrogatories.[2]

In addition to the many reasons that suggest themselves as to this conclusion is the thought that the selection of the particular witness to prove a certain fact is a part of the work product of the lawyer in determining the strategy of the trial, and is not to be circumscribed by the answer to interrogatories made by the lay party to the litigation, even though the names and number of witnesses may be required by the Court at pretrial proceedings in determining the probable length of trial.

The question then is whether there is a distinction between a factual witness and an expert witness with reference to the requirement of disclosure of the name by interrogatory. No reported case has been found in which this matter has been determined.

In Fidelis Fisheries v. Thorden, D.C. S.D.N.Y.1952, 12 F.R.D. 179, the Court in a well-reasoned opinion sustained an objection to an interrogatory seeking the name and address "of each and every witness libelant intends to call in its behalf upon the trial of this action". The Court said, however:

> "The above views are not intended to apply to expert witnesses intended to be called by a party upon the trial, where a different rule may be warranted, but that issue is not now before the Court."

It is not entirely clear that the matter was not before the Court or that the request for the names and addresses "of each and every witness" did not include expert witnesses as well as factual witnesses. However, in the present case the request is confined to expert witnesses.

An expert witness may be defined as one who has been shown to have acquired some special knowledge of the subject matter about which he is to testify, either by study of the recognized authorities or by practical experience, and who, therefore, can give to the trier of the facts, be it a jury or a court, some assistance or guidance in solving the problem as to which the knowledge of the witness is superior to that of the court or jury.

An expert witness may have, but usually does not have, any personal knowledge of the facts. His name has usually not been given as one having a knowledge of the relevant facts. His testimony is

2. Central Hide & Rendering Co. v. B-M-K Corporation, D.C.D.Del.1956, 19 F.R.D. 294; McNamara v. Erschen, D.Del.1948, 8 F.R.D. 427; Buining v. The Transporter, D.C.D.Md.1959, 171 F.Supp. 127; Richards v. Maine Central Railroad, D.Me.1957, 21 F.R.D. 595; Kyker v. Malone Freight Lines, D.C.E.D.Tenn. 1955, 17 F.R.D. 393; Sheffield Corp. v. George F. Alger Co., D.C.S.D.Ohio 1954, 16 F.R.D. 27; Fidelis Fisheries v. Thorden, D.C.S.D.N.Y.1952, 12 F.R.D. 179; Aktiebolaget Vargos v. Clark, D.C.D.C. 1949, 8 F.R.D. 635.

usually based upon a hypothetical question founded upon the testimony. The weight and value of the testimony of the expert witness depends largely upon the qualifications as such expert, and these qualifications may be the subject of intensive investigation by the opposing counsel. This investigation can only be had by a timely ascertainment of the name of the proposed expert witness. The selection of the expert witness is not entirely the work product of the lawyer, and the witness may be selected by and be compensated by the party answering the interrogatory.

█ I am of the opinion that the disclosure of the name of an expert witness stands upon a different principle from that of a factual witness, and therefore Interrogatory No. 22 should be answered.

An appropriate order may be submitted.