**Anthony F. FAUERBACH, Plaintiff,**

**v.**

**Ronald Bowman WILLIAMS, Defendant.**

Superior Court of Delaware.

New Castle.

Oct. 17, 1967.

O. Francis Biondi and John E. Babiarz, Jr., Wilmington, for plaintiff.

**282**

James T. McKinstry (of Richards, Layton, & Finger), Wilmington, for defendant.

STIFTEL, President Judge.

Plaintiff has objected to the following interrogatory:

"State the name and last known address of each person who will testify for the plaintiff as an expert."

The only question to decide is whether a party may inquire into what experts the opposing party intends to call as witnesses at the trial.

Generally, in this State, a party is not entitled to the names of persons whom his adversary expects to use as witnesses in the trial of a case. Frankel v. Sussex Poultry Co., 6 Terry 264, 71 A.2d 754, 755. See, also, 4 Moore's Federal Practice, § 26.19(4); 2A Barron & Holtzoff, Federal Practice and Procedure, § 766.

Judge Rodney recognized this general rule in McNamara v. Erschen, 8 F.R.D. 427, 429 (D.C.Del.). However, in Miller v. United States, 192 F.Supp. 218 (D.C.Del.), Judge Rodney drew a distinction between supplying the name of a factual witness and an expert. He suggested the following distinctions (192 F.Supp. at 222):

"* * * The weight and value of the testimony of the expert witness depends largely upon the qualifications as such expert, and these qualifications may be the subject of intensive investigation by the opposing counsel. This investigation can only be had by a timely ascertainment of the name of the proposed expert witness."

Plaintiff suggests many reasons why our Superior Court should not follow the 1961 decision of Judge Rodney in Miller v. United States, supra. I have given substantial thought to his arguments. However, I am not persuaded that Judge Rodney was wrong and choose to follow Miller v. United States, supra.

I see no issue of work product involved in disclosure of only a name, nor do I see, as plaintiff suggests, the promotion of chicanery by attorneys who may surreptitiously avoid an answer to the interrogatory until a very late stage of the proceedings.

Plaintiff's objection to defendant's interrogatory 9 denied.

It is so ordered.