In re U. S. FINANCIAL SECURITIES LITIGATION.

PENN MART REALTY COMPANY, a corporation of the Commonwealth of Pennsylvania, Plaintiff,

v.

U. S. FINANCIAL INCORPORATED et al., Defendants.

U. S. FINANCIAL INCORPORATED, Cross-Claimant,

v.

Robert H. WALTER et al., Cross-Defendants.

MDL 161.
Civ. No. 74–281–T.

United States District Court, S. D. California.

Feb. 13, 1975.

Irving Morris, of Cohen, Morris & Rosenthal, Wilmington, Del., for plaintiff, Penn Mart Realty Co.

J. Ronald Trost, of Shutan & Trost, Los Angeles, Cal., Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant U. S. Financial Inc.

Mitchell L. Lathrop, of MacDonald, Halsted & Laybourne, Los Angeles, Cal., for defendants Gant and Asaro.

ORDER STRIKING INTERROGATORIES

TURRENTINE, District Judge.

This court is charged with the duty of conducting the pretrial discovery proceedings in fourteen cases which the Judicial Panel on Multidistrict Litigation transferred to this district as part of the U. S. Financial Securities Litigation pursuant to 28 U.S.C. § 1407.

On February 7, 1975, the court received a copy of a behemoth set of interrogatories served by mail on the defendant U. S. Financial by the defendants Gant and Asaro. Additional copies were served on fourteen plaintiffs' attorneys, thirty-three defendants' attorneys, fifteen defendants who may not be represented by counsel, and five related and interested parties.

The set of interrogatories is two inches high, 381 pages long, and contains a total of 2,736 questions and subparts.

It was expensive to prepare, copy, and mail these interrogatories. Answering the questions will be much more burdensome. If an attorney takes ten minutes to answer each of the 2,736 questions and subparts, and charges $50.00 an hour, his fee will be $22,800. At three answers to a page the answers will fill 916 pages and measure six inches high. To mail copies to the sixty-seven parties on the service list, it will be necessary to reproduce a total of 60,192 pages. At $.03 a page, copying will cost $1,800. A conservative estimate of the total cost of answering is $24,000.

The above statistics pertain to answering one set of interrogatories. The scope of the problem in the context of this litigation as a whole is much larger. Already the plaintiffs have served a unified set of interrogatories on the defendants. One of the major defendants has directed separate interrogatories at six groups of plaintiffs. Other defendants have served a unified set of interrogatories on a list of thirty other defendants. If now every defendant proceeds to indiscriminately interrogate cross-claiming defendants the barrage of useless paperwork will be insurmountable. There are in excess of 300 cross-claims in this litigation. If 300 interrogatories of 381 pages are sent to each of the sixty-seven parties on the service list, the Xerox machines will have to grind out 7,535,800 pieces of paper which will occupy 3,768 linear feet of storage space. Answering will of course involve a proportionately greater volume of paperwork.

We exaggerate the possibilities, but the threat of massive duplication, waste, and confusion are real.

Generally, "the frequency and scope of [interrogatories and other discovery methods] is not limited." F.R.Civ.P. 26(a). But the court may make a protective order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." F.R.Civ.P. 26(c). Excessively long interrogatories have been ruled an undue burden and abuse of the discovery process. *Breeland v. Yale & Towne Mfg. Co.,* 26 F.R.D. 119 (E.D.N.Y.

1960) (200 interrogatories and subparts); *Frost v. Williams,* 46 F.R.D. 484 (D.Md. 1969) (200 interrogatories); *Krantz v. United States,* 56 F.R.D. 555 (W.D.Va.1972) (1,500 interrogatories).

This court adheres to a philosophy of liberal discovery. It recognizes that unfettered discovery of all materials relevant to the case should be permitted and that discovery need not be limited to facts admissible at trial. But to avoid oppressiveness, interrogatories must be tailored to discover only what is reasonable and necessary to the litigation at hand. A review of the interrogatories propounded by Gant and Asaro indicates that some of the questions are pertinent to defending against U.S. Financial's cross-claim, but that effective discovery can be accomplished by less voluminous, detailed interrogatories.

The court finds that the interrogatories of Gant and Asaro are unduly burdensome and oppressive when viewed with relation to this case.

The court, sua sponte, strikes the interrogatories of Gant and Asaro.

Leave is hereby granted to serve and file interrogatories reasonable in number calculated to discover important facts rather than numerous and minor evidentiary details.