139 N.J. Super. 385 (1976)
354 A.2d 110
DELORES FRANKLIN AND LINWOOD D. FRANKLIN, PER QUOD, PLAINTIFFS,
v.
DR. EDWARD S. MILNER, JR., AND PHILIP D'ARRIGO, P.A., A PROFESSIONAL CORPORATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 20, 1976.
*386 Mr. Willis F. Flower for plaintiffs (Messrs. Perskie & Callinan, attorneys).
Mr. G. Paul Crawshaw for defendants (Messrs. Martin, Crawshaw & Mayfield, attorneys).
MILLER, J.C.C., Temporarily Assigned.
In a medical malpractice case plaintiff engaged Dr. Earl Kanter as an expert. On December 15, 1975 Dr. Kanter furnished to plaintiff's attorney a written opinion which was duly delivered, pursuant to timely demand, to defendant's attorney. On the same day Dr. Kanter sent a second letter to plaintiff's attorney and in it he set down his impression of the strategy and tactics applicable to trial of the case. Defendant, learning of this second letter, demands a copy pursuant to R. 4:10-2(d)(1). Plaintiff resists on the ground that it is "work product."
*387 A copy of the letter was furnished to the court. Its contents are definitely work product within the scope of "mental impression." See R. 4:10-2(c). Were it an inter-office memo of an attorney or "other representative of a party concerning the litigation" there is no doubt it would be privileged. See R. 4:10-2(c); Fed. Rule of Civil Procedure 26(b) (3); Hickman v. Taylor, 329 U.S. 495, 508, 67 S.Ct. 385, 91 L.Ed. 451 (1947) and 28 U.S.C.A., comment to Rule 26, at 152-164.
The trouble is that an expert witness is not a representative of a party. He is one who has been shown to have acquired some special knowledge of a subject matter and by reason thereof can give assistance or guidance to the trier of fact. Miller v. U.S., 192 F. Supp. 218, 221 (D.C. Del. 1961).
R. 4:10-2 as drawn requires disclosure of the letter in question if Dr. Kanter is to be used as a witness. The problem lies in the fact that the rule inhibits an attorney from frank consultation with his experts, thereby depriving him of the benefit of free discussion. The trial attorney needs to be educated by the expert as much as does the trier of fact, and as this rule is presently drawn, he cannot freely consult with his expert without fear of disclosure. This seems to run counter to the comment referred to in Hickman v. Taylor, supra:
In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.
Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways  aptly though roughly termed by the Circuit Court of Appeals in this case (6 Cir., 153 F.2d 212, 223) as the "Work product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain *388 unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served. [329 U.S. at 510, 67 S.Ct. at 393]
This is particularly poignant in view of the fact that Dr. Kanter has been fully deposed following receipt of his report, and the only thing defendant would learn would be plaintiff's strategy. Perhaps R. 4:10-2(d) should be broadened to allow an expert's "mental impressions" (as opposed to his factual report and opinion) to be privileged insofar as they are revealed to the attorney engaging him. That is not for this court to do, however.
Plaintiff may elect whether to (a) furnish the letter or (b) decline to use Dr. Kanter and get another expert. See R. 4:10-2(d)(2).