**Antonia PHILLIPS Plaintiff,**

v.

**THE CITY OF NEW YORK, et al., Defendants.**

**No. 03 CIV. 4887(VM).**

United States District Court, S.D. New York.

Aug. 12, 2005.

S. Sells, The Cochran Firm, Schneider, Kleinick, Weitz, Damashek, New York City, for Plaintiffs.

Suzanne M. Halbardier, Barry, McTiernan & Moore, Glen Feinberg, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Joseph R. Cammarosano, Kopff, Nardelli & Dopf L.L.P., New York City, for Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

By Order dated June 27, 2005, Magistrate Judge Francis denied in part the request of defendants Catholic Home Bureau and Marina Seda (collectively, "CHB") for the Court to direct defendant City of New York to provide additional information with respect to CHB's interrogatories, ordering only that the City "set forth any evidence on which they intend to rely to prove CHB's liability that was not previously disclosed in discovery." (Endorsement, Letter from Glen Feinberg to Magistrate Judge Francis, dated June 27, 2005, at 3.) On June 30, 2005, CHB filed an objection before this Court to Magistrate Judge Francis's June 27 Order. CHB requests that this Court set aside the June 27 Order and order the City to comply with CHB's earlier stated request for additional information.

Rule 72 of the Federal Rules of Civil Procedure provides that "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order.... The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

The Court has reviewed Magistrate Judge Francis's June 27 Order and has considered CHB's objections thereto. On this basis, the Court does not find the Order to be either clearly erroneous or contrary to law. *See Weiss v. La Suisse,* 161 F.Supp.2d 305, 321 (S.D.N.Y.2001) ("A magistrate judge's resolution of discovery disputes deserves substantial deference."). The Court reads the Magistrate Judge's ruling as in fact directing

---

370

disclosure of the discovery at issue, but qualifying the obligation to apply to material to the extent "not previously disclosed in discovery." CHB objects to this order, not because they fear that information will not be disclosed, but because they do not want to have to hunt through the record to find the evidence themselves. The court finds no basis in law to support a determination that detailed disclosure of defendant's theory of their cross-claim in the form CHB requests by way of contention interrogatories is compelled by the Federal Rules or any applicable law. *See Breeland v. Yale & Towne Mfg. Co.*, 26 F.R.D. 119, 120 (E.D.N.Y.1960) ("A litigant may not compel his adversary to go to work for him.") (quoting *Aktiebolaget Vargos v. Clark*, 8 F.R.D. 635, 636 (D.D.C.1949)); *cf. United Cigar–Whelan Stores Corp v. Philip Morris, Inc.*, 21 F.R.D. 107, 109 (S.D.N.Y.1957) ("I do not believe that discovery proceedings should be utilized to cast upon a defendant the burden of establishing the plaintiff's case when the plaintiff can at least as readily establish the requested facts.").

It is therefore

**ORDERED** that the Defendants' Objection to the June 27, 2005 Memo Endorsed Order of Magistrate Judge Francis IV is DENIED.

**SO ORDERED.**