### BAILEY v. NEW ENGLAND MUT. LIFE INS. CO. OF BOSTON, MASS.

No. 862–M.

District Court, S. D. California, Central Division.

Nov. 20, 1940.

D. R. Gustaveson and Spencer C. Olin, both of Los Angeles, Cal., for plaintiff.

O'Melveny & Myers and J. R. Girling, all of Los Angeles, Cal., for defendant.

NETERER, District Judge.

The plaintiff in preparing his case for trial served upon the defendant written interrogatories to be answered, as provided by Rule 33 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. After answering the interrogatories, the defendant, within 15 days, served a copy of the answers on the plaintiff (the time was not enlarged or extended). At trial the defendant offered the answers to the interrogatories in evidence; the plaintiff objected as being incompetent. As to the competency the court is bound by the rules of evidence, the rules of Federal Rules of Civil Procedure, but especially Rule 33.

■ Rule 33 has a distinctive function separate and apart from the other rules, in the discovery of truth reposing in the mind of the defendant, bearing upon the issue in preparation for trial. It is peculiarly adopted to the use of parties in preparing for trial, in the interest of economy of time, for if admissions are made the fact is established, or if answers are adverse, and believed untrue, or the fact camouflaged in such a fashion as to becloud the truth, for use in cross-examination to clarify the answers, and uncover the truth.

Rule 33 does *not* provide that answers may be introduced and read in evidence, as does Rule 26 which provides for taking "depositions pending action" (d) "at the trial * * * so far as admissible *under the rules of evidence* [Italics supplied], may be used against any party who was present * * * who had due notice thereof, in accordance with any one of the following provisions:

"(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness.

"(2) The deposition of a party or of any one who at the time of taking the deposition was an officer, director, or managing agent of a public or private corporation, partnership, or association which is a party may be used by an adverse party for any purpose.

"(3) * * *

"(4) If only a part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it, which is relevant to the part introduced, and any party may introduce any other parts."

■ The answers, not because Rule 33 so provides, but, under the general rule of evidence, may be used, as a confession, or for impeachment but not by the answering party as a self-serving statement free from the hazards of cross-examination.

■ The statements in Vol. 2, "Federal Rules Service", page 664, "from its position with relation to other rules, Rule 33 would seem to be simply an alternative to the deposition procedure of Rules 26 to 32; and the admission-of-fact device set out in Rule 36" is not sustained by its relation to other rules, nor by reason, nor by authority, and is contrary to the rules of evidence. Rule 33 stands out clear, and alone; it has no relation to Rules 26 to 32; those rules are complete, and provide for every requirement at trial, and contingency arising from the issue, to unfold truth.

■ Rule 36 is also obviously self-sufficient, and clearly defines its purpose, and limits its effect.

■ It is said at page 665, Vol. 2, Federal Rules Service, Supra, " * * * the theory just set forth is supported by many decisions under the old discovery practice in equity (Equity Rule 58) * * * ", and cited District of Columbia v. Robinson, 180 U.S. 92, at page 106, 21 S.Ct. 283, 45 L.Ed. 440; Kidder v. Barr, 35 N.H. 235, 252; Thompson v. Clark, 81 Va. 422. There is no analogy between Rule 33, and Old Equity Rule 58, 28 U.S.C.A. following section 723, and it functions in its separate sphere; Rule 58 in equity, and Rule 33 in equity and actions at law, with the same limitations in equity, as in law actions. The Supreme Court of Virginia in Thompson v. Clark, 81 Va. 422, at page 427 said: "In this respect, the rule [58], as to the force and effect of an answer where the court of equity, to prevent circuity expense and delay, retains and decides the cause [of action], is different from that which prevails where the discovery is sought to be used in an action at law."

In the Robinson case, supra [180 U.S. 92, 21 S.Ct. 288, 45 L.Ed. 440], on a bill al-

leging intent to bring an action for trespass, which constituted the matter in controversy, and after stating with particularity the grounds of discovery submitted, interrogatories to be answered by the defendants. Certain of the defendants made answer under oath. As to the probative force of the answers, the answering parties at trial asked the court to instruct the jury as follows: "The jury are instructed that the plaintiffs are bound by the answer * * * offered in evidence by them, and so far as said answer is responsive to the allegations of said bill it is the evidence of the plaintiffs themselves, and the jury are not at liberty to ignore it or find the facts otherwise than in said answer set forth". The instruction was refused. The Supreme Court said: "Upon what ground, however, does not appear. It might have been refused, and could have been, even if it contained a correct declaration of law, on account of its general character. It is attempted here to be particularized. The specification of error is that the court, by refusing the prayer, held 'that the defendants in error were not bound by the answer of the commissioners to the bill of discovery filed by the testator of the defendants in error respecting the bona fides of the action of said Commissioners in respect of the alteration of Harewood road and the purpose of such alteration.' Whether the trial court would have given the prayer if it had been limited to the good faith of the District commissioners we cannot know. Presumably not, if it made their answer in the discovery suit conclusive proof, as claimed in the prayer which was refused. The greatest strength of proof attributable to an answer under oath in a suit in equity is that it cannot be overcome by a single witness unaccompanied by some corroborating circumstance. That it has even that strength in a common-law court we are not called upon to decide. It certainly has not conclusive strength. Lyons v. Miller, 6 Grat. [Va., 427] 438, 439, 52 Am.Dec. 129; 1 Pom.Eq.Jur. § 208. The prayer requested was therefore properly refused." In Kidder v. Barr, 35 N.H. 235 the syllabus says: "The answer to a cross bill filed for discovery in aid of the defence, cannot be used by the party making it, unless the complainant in the cross bill shall first produce it in evidence." These cases clearly are not in consonance with the text quoted.

The objection to the reading of the defendant's answer by the defendant is sustained.