Gerassimos **ANTGOULATOS** and **Dimitrios Dimitriades**

v.

**HONDURAN S.S. NORLANDIA,** her boats, engines, tackle, apparel, etc., **John Doe, a nonresident, as master of said vessel, and Silet Cia De Vapores, S.A., a foreign corporation or association.**

**No. 3573.**

United States District Court
D. Maryland.
March 23, 1956.

Morewitz & Morewitz, Newport News, Va., and Harold Buchman, Baltimore, Md., for libellants.

Ober, Williams, Grimes & Stinson, Baltimore, Md., Southgate L. Morison, Baltimore, Md., for respondent Silet Cia De Vapores, S.A.

THOMSEN, Chief Judge.

This case is before the court on libellants' motion to require that the sworn statement filed in reply to libellants' request for admission of facts and/or of genuineness of documents, pursuant to Admiralty Rule 32B, 28 U.S.C.A.,[1] be made by an agent of the corporate respondent who has knowledge of the facts.

The request for admissions was directed to the respondents, plural, whereas only one respondent has been served with process or appeared, namely, Silet Cia De Vapores, S.A., a foreign corporation with its principal office in Panama, represented by Maritime Agencies, Ltd., as its general agent in New York. Respondents' reply to libellants' request for admissions is signed by proctors for respondent and sworn to by the treasurer of Maritime Agencies, Ltd., agent for Silet Cia De Vapores, S.A. This affidavit states that "he has read the foregoing answers to the request for admission of facts and/or genuineness of documents, and that the same are true to the best of his knowledge, information and belief; and further made oath that the reason this affidavit is made by him is because Silet Cia De Vapores, S.A., is a foreign corporation, none of whose officers is within the United States".

■ The principal purpose of requests for admissions is to avoid wasting time and money in proving facts which are not disputed; it is not to secure information, which may more appropriately be obtained by interrogatories.

In this case information has been furnished to libellants by respondent in response to interrogatories served upon it and answered by the treasurer of Maritime Agencies, Ltd., as agent for respondent, pursuant to an agreement made in open court by one of the proctors for libellants.

■ Requests for admissions should not be used as traps to gain advantage where the facts are disputed. All of the information necessary to answer such requests is usually not known to any one officer of a corporate respondent but of necessity must be accumulated by some attorney or agent.

■■ The court is therefore of the opinion that where a respondent either admits or denies the requests for admissions, it is relatively immaterial whether the admission or denial, as the case may be, is made by an attorney or by some officer or agent of the respondent, so long as the court is assured that it is made by a person having authority to make the admission or to subject the respondent to the penalty for refusing to make the admission, which is the payment of such costs as the court may deem proper incurred by the applicant in proving the facts which are not admitted.

■ A more troublesome question arises when the sworn statement filed in response to the request for admissions neither expressly admits nor denies a requested admission but gives reasons why the admission cannot be made.

1. "*Rule 32B. Admission of facts and of genuineness of documents*
"*(a) Request for admission.* At any time after the pleadings are closed, a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth therein. Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after service thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters.
"*(b) Effect of admission.* Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding. Added May 22, 1939, eff. Sept. 1, 1939."

Probably no flat rule should be announced applicable to every case; but the court should do the fair thing in each case. In this case a number of requests have not been admitted or denied. They have been discussed in open court at the hearing on this motion, and respondent's advocate has supplemented the reply to the request for admissions by stating: (re No. 1) that the deck log and the engine log of the S. S. Norlandia, which are written in the Greek language, are in Baltimore and available for examination by proctors for libellants; (re No. 14) that respondent admits that the document marked "Libellants' Exhibit A" is a true and correct translation of the labor code of the Republic of Panama, dated November 11, 1947, which became effective March 1, 1948; but respondent states that there are later Panama laws, and contends that Panama law does not control the case and has nothing to do with it at all; (re No. 18) that so far as he knows there is no log book except the deck log and engine log; and (re No. 28) that respondent admits that the overtime shown on the three yellow sheets filed with the request for admissions and marked "Libellants' Exhibits B–1", "B–2" and "B–3" respectively, are correct, though the totals of overtime hours for the respective libellants do not seem to be the same as shown in questions 28 and 29, but that is a matter of interpreting the documents.

Mr. Morison, as attorney for respondent, has made oath before the clerk of this court that the reply to libellants' request for admissions was prepared by him from information furnished to him by the agents of the ship and from records which have been turned over to him and which he has examined in court and elsewhere, and that they are true and that the reply is true to the best of his knowledge and belief.

For the foregoing reasons, the court overrules libellants' motion.