■ ANNE BLACHARSH et al., Appellants, v. JONES BEACH CATERING CORP. et al., Respondents.— Action by plaintiff Anne Blacharsh to recover damages for personal injuries and by her husband for medical expenses and loss of services, based on a claim that she contracted trichinosis after eating a frankfurter purchased from Jones Beach Catering Corp., containing diseased pork. The complaint contains causes of action alleging negligence and violations of sections 199, 199-a and 200 of the Agriculture and Markets Law against Jones Beach, Evergood Provisions Co., Inc., which sold the frankfurter to Jones Beach, and City Packing Corp., the manufacturer, and an additional cause of action alleging breach of warranty against Jones Beach. The appeal is from so much of the judgment as dismissed the amended complaint at the close of plaintiffs' case. Judgment, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ MILES E. BRIGHT, Suing on Behalf of Himself and All Other Similarly Situated Heirs at Law of the Deceased WILSON BRIGHT, SR., and Another, Appellant, v. EDWARD G. O'NEILL et al., Respondents.— In an action to compel the determination of a claim to real property pursuant to article 15 of the Real Property Law, the appeal is from so much of an order as grants a motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, and dismisses the amended complaint. The amended complaint alleges that appellant claims title to certain real property in Orange County by descent from his parents, based on a decree of the Supreme Court in a 1936 action directing one Maurice Travers to convey said property by deed to appellant's parents. Special Term granted the motion for summary judgment on the ground that appellant had failed to substantiate the claim to title and that the official records of the Orange County Clerk's office failed to disclose any such transfer to his parents. Order modified by adding after the word " granted " in the first ordering paragraph the words " with leave, if plaintiff be so advised, to serve a further amended complaint so as to plead any cause of action plaintiff may have against defendants ", and by striking from said order the second ordering paragraph. As so modified, order, insofar as appealed from, affirmed, without costs. The further amended complaint is to be served within 20 days after the entry of the order hereon. The determination of the Special Term was correct. Appellant may not defeat such a motion because he may have a good cause of action on a differently stated complaint. (Cohen v. City Co. of N. Y., 283 N. Y. 112; Potolski Int. v. Hall's Boat Corp., 282 App. Div. 44, 48; Elsfelder v. Cournand, 270 App. Div. 162, 165.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.