Julius NAGLER and Oscar Resnick d/b/a Brooks Radio & Television, Charles De Nave, d/b/a Dee Radio & Television Co., Benjamin Katzoff, d/b/a Empire Refrigeration & Appliance Co., Harold August d/b/a Jo-Mort, Emanuel Salkind d/b/a Melody Television Company, Harold Kaufman d/b/a N & H Radio, Rajah Appliance Corp., Robert Harrison d/b/a Roda Radio Sales & Service, Stamwhite Appliance, Inc., John La Rock and Frank La Rock d/b/a United Radio Lab, Zinn Distributing Corporation, Presto Television, Inc., and John Pristas d/b/a Corona Appliance Co., suing on behalf of themselves and all others similarly situated, Plaintiffs,

v.

ADMIRAL CORPORATION, Admiral Corporation New York Distributing Division, Inc., Emerson Radio and Phonograph Corp., The Wilcox-Gay Corporation, Allen B. Du Mont Labs, Inc., Du Mont New York, Inc., Maytag Washer & Ironer Company, Inc., Maytag-Atlantic Co., Inc., Warren-Connelly Company, Inc., Zenith Radio Corp., The Peerless Corp., Roto-Broil Corp. of America, Jay Kay Metal Specialities Corp., Philco Corporation, Philco Distributors, Inc., Times-Appliance Co., Inc., Nash-Kelvinator Sales Corp., Motorola-New York, Inc., Gross Distributors, Inc., Perfection Stove Co., Servel, Inc., Welbilt Stove Co., Inc., Vim Television and Appliance Stores, Inc., Davega Stores Corporation, Gerald O. Kaye & Associates Corp., American Motor Sales Corp. (Kelvinator Div.), Defendants.

United States District Court
S. D. New York.

Oct. 29, 1958.

**414**

Arnold Malkan, New York City, for plaintiffs.

Donovan, Leisure, Newton & Irvine, New York City (A. Vernon Carnahan, James M. Ellis, New York City, of counsel), for defendants Philco Corp. and Philco Distributors, Inc.

FREDERICK van PELT BRYAN, District Judge.

This is an action for treble damages and injunctive relief pursuant to the Robinson-Patman Act and the Sherman Anti-Trust Law, 15 U.S.C.A. § 13, §§ 1 to 7. Plaintiffs are nine New York retailers of radio, television and other home appliances. Twenty-two of the twenty-four defendants are manufacturers, wholesalers or distributors of these appliances, and two are retail chain store operators who sell them. The principal charge made by the plaintiffs is that there was price discrimination against them and in favor of the defendant retail chain store operators.

Defendants Philco Corporation, a manufacturer, and Philco Distributors, Inc., its distributor, now move, pursuant to Rules 33 and 37, F.R.Civ.P., 28 U.S.C.A., for relief in connection with answers to interrogatories propounded by them to plaintiffs Nagler and Resnick, d/b/a Brooks Radio & Television (plaintiff Nagler), August, d/b/a Jo-Mort (plaintiff August), Salkind, d/b/a Melody Television Company (plaintiff Salkind), and Harrison, d/b/a Roda Radio Sales & Service (plaintiff Harrison). The moving defendants assert that the "consoli-dated" and "separate" answers to such interrogatories served by these plaintiffs constitute "a deliberate and wilful evasion of the requirements of the federal rules" and of orders of this court dated March 5 and June 2, 1958. The moving defendants seek either a default judgment against these four plaintiffs for such violations, or, in the alternative, orders striking the "consolidated" and "separate" answers to the interrogatories, compelling plaintiffs to submit full, complete and separate answers to each interrogatory and for expenses and counsel fees alleged to be caused by plaintiffs' deliberate flouting of the applicable rules and of the prior orders of this court.

There has been some difficulty from the start of this litigation as to the exact nature and particulars of the plaintiffs' claims. Their complaint was dismissed on motion of a number of the defendants upon the grounds, among other things, that it "failed to set forth a short and plain statement of the claim showing that the [plaintiffs are] entitled to relief" as required by Rule 8(a), F.R.C.P. Primarily this determination was based on the theory that the complaint was so vague, indefinite and confused as to make it impossible for the defendants to know what they had to meet. Nagler v. Admiral Corp., D.C.S.D.N.Y., 144 F.Supp. 772.

The order dismissing the complaint on these and other grounds was reversed by the Court of Appeals (2 Cir., 248 F.2d 319) where it was pointed out that the details and particulars of the claims could and should be obtained through the discovery process provided for by the federal rules. 248 F.2d at page 326.

Accordingly in November 1957 the Philco defendants, after serving their answers, propounded interrogatories to these four plaintiffs, among others, in order to obtain the necessary particulars and details of the alleged claims against them. After a number of extensions of time to file answers plaintiffs moved to vacate or modify the interrogatories propounded, seeking, among other things,

permission to consolidate their answers. This motion was denied by order of March 5, 1958, except that "as to such interrogatories of the aforementioned defendants as request identical information, plaintiffs' answers to one of said defendants may be applied to each of the others by reference or by such other form as may be convenient to plaintiffs". The order gave the plaintiffs an additional ninety days (to June 3, 1958) to answer the interrogatories on this basis.

On April 23, 1958 plaintiffs moved under Rule 34, F.R.C.P., for an order requiring the production by the Philco defendants of a mass of documents for inspection and copying upon the ground, among others, that these documents were needed "to compile or prepare their answers to the Philco interrogatories". This motion was denied on May 13, 1958.

On May 14, 1958 plaintiffs moved to extend their time within which to answer the interrogatories for an additional ninety days beyond June 3, 1958. By order of June 2, 1958 entered on this motion plaintiffs were directed to supply, in answer to the interrogatories, such information as was presently available to them by June 3, and their time to supply such additional information by way of additional answers as was not then available to them was extended to July 21, 1958. Plaintiffs then served the answers to interrogatories which are attacked by the instant motion.

The answers to the interrogatories filed by the plaintiffs are technically defective in a number of respects and in a number of others they do not comply with the letter or spirit of the rules of federal procedure and of the orders heretofore entered in this action.

■ 1. The answers are not signed by the respective plaintiffs as specifically required by Rule 33, F.R.C.P., which states that "answers shall be signed by the person making them".

■ 2. The verifications by the various plaintiffs which are apparently meant to apply both to the "consolidated" and "separate" answers, though they do not

say so, are entirely insufficient to comply with the requirement that answers shall be answered separately and fully "under oath". Rule 33. There is no averment in the verifications that any of the answers are true to deponent's own knowledge, even though a number of them must necessarily be within the answering plaintiff's knowledge. Instead there is a blanket verification that the answers are true to the best of deponent's "knowledge, information and belief".

This kind of verification, particularly when applied to the so-called "consolidated" answers, leaves each plaintiff with convenient avenues of evasion. It skillfully manages to avoid the requirement of distinguishing between matters stated on a party's own knowledge and matters stated on information and belief. It also permits each plaintiff to avoid stating specifically under oath with respect to questions he claims to be unable to answer, that he does not have the information necessary to answer the question, and that the answers given reflect all the information available to him. The claim of plaintiffs' counsel that the verifications are sufficient is refuted by their own reference to the form of verification appearing on their own legal backs, even if it be assumed that plaintiffs' counsel are not themselves familiar with the proper form, as they should be.

■ 3. There is no authorization either in the rules or in the orders heretofore entered for the so-called "consolidated answers" in which the four plaintiffs jointly answer the bulk of the interrogatories. Rule 33 requires that interrogatories shall be answered "separately and fully under oath". The order of March 5, 1958 cannot be construed to authorize the plaintiffs to "consolidate" their answers as they have done. All that the order of March 5 permits by way of consolidation is the joinder in convenient form of such answers each of the plaintiffs make separately as relate to both Philco defendants. Indeed, this is what the interrogatories which were served themselves contemplate.

4. A number of the answers give no information at all but merely refer generally either to books and records of a plaintiff which it is said "are available for inspection", or to the Philco defendants' books or records. Such answers are wholly insufficient to comply with the rules. It is these plaintiffs who assert claims against the defendants, not the converse. The plaintiffs have not only the burden of establishing their case, but the burden of informing the defendants fully as to the particulars of their claims in the detail which the interrogatories require. That is the very purpose of the discovery procedure provided by the rules and this purpose is thwarted by the plaintiffs' answers.

These plaintiffs are apparently of the view that once their complaint has survived a motion to dismiss they can sit back and leave the defendants virtually in the dark as to vital particulars of their claims, or, indeed, put the defendants to the burden of furnishing them. If plaintiffs do not disabuse themselves of this view and do not fully, fairly and completely answer the interrogatories propounded in the form and manner required by the rules, they are not entitled to any consideration of their claims by this court and will suffer the penalty of dismissal. These answers to interrogatories are in such large measure evasive, unresponsive and defective, both technically and in substance, as to constitute a total failure to comply with the rules of practice and the prior orders of this court.

It may well be that these answers represent a deliberate attempt by these plaintiffs to avoid giving the Philco defendants information to which they are entitled in the form they are entitled to receive it. However, at the time this motion was made the plaintiffs' time to supply the additional information not then available to them had not yet expired and they may have been under some misapprehension as to whether they were entitled to serve the so-called "consolidated" answers. I will therefore give plaintiffs the benefit of the doubt and will not make the finding that their failure to supply proper answers was without the substantial justification which is a prerequisite to the award to the defendants of expenses, including attorneys' fees, on this motion under Rule 37(a). The defendants' motion in so far as it seeks expenses and counsel fees is therefore denied.

But let these plaintiffs make no mistake about the matter from this point forward. In the event of their failure to comply fully and explicitly with my directions in this opinion judgment shall be granted against them by default pursuant to Rule 37(b).

Plaintiffs will be given 20 days from the date of service of the order to be entered on this motion to serve full and complete answers to the interrogatories propounded to them which comply with the rules and with the prior orders of this court. Such answers shall include all pertinent information required by the interrogatories propounded, including any information not available to them when the present answers were served and which was to be supplied by July 21, 1958.

Settle order on notice.