311

Ann W. BALDWIN and Rignal W. Baldwin, Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts corporation, Defendant.

Civ. A. No. 2641.

United States District Court D. Delaware.

July 29, 1963.

Hugh L. Corroon, Berl, Potter & Anderson, Wilmington, Del., for plaintiffs.

William Prickett, Jr., Prickett & Prickett, Wilmington, Del., for defendant.

LAYTON, District Judge.

Defendant served interrogatories upon plaintiffs who filed written objections but omitted to accompany the objections "with a notice of hearing * * * at the earliest practicable time" as required by Federal Rule 33. Defendant contends that plaintiffs are foreclosed from pressing the objections for failure to comply with the Rule.

In Miller v. United States, 192 F.Supp. 218 (D.Del.1961), Judge Rodney, of this District, in a similar situation, permitted the party to present his objections despite the fact that he had failed to accompany the written objections with a notice of hearing, saying:

> "This is not to say that the Rule should not be strictly adhered to, and I think that it should be. As indicated in Rule 1, one purpose of all the Rules is to obtain a 'just' determination of causes, and to hold that the defendant has waived all objection to the interrogatories because of the stated omission seems to me not a 'just' determination but a return to the rigors of common law pleading with all its attendant penalties." 192 F.Supp. at 219.

But the facts in this case are fairly compelling against the plaintiffs. When the written objections were first filed, defendant's counsel wrote plaintiffs' local counsel pointing out the failure to comply with the Rule. Plaintiffs' local counsel promptly notified his client, Mr. Baldwin, himself a lawyer, of defendant's position. Plaintiffs ignored the warning for four months and defendant's counsel finally felt compelled himself to bring on the objections for hearing.

■■ The portion of Rule 33 under discussion has the obvious purpose of expediting discovery by placing upon the objector the burden of bringing his objections on to hearing, and, while I agree with Judge Rodney that a technical failure to comply with its terms resulting in no prejudice and apparently little delay should not be penalized, there was here a fair warning deliberately ignored for a substantial period of time. I think the Rule should be enforced under such facts.

Plaintiffs' objections are overruled.