HENRY F. TURNER, Judge pro tem.
This case presents a suit on a “building contract”. The plaintiffs, Herbert Ahten, Sr., and his wife, Lillian Pitón contracted with New Orleans Construction Company, Inc., to have certain repairs and remodeling done on their home at 2700 Palmer Avenue in New Orleans. The Fidelity and Casualty Company of New York signed the contract as surety for the construction company. Citizens Homestead Association, defendant in the principal demand in this suit, was an additional party to this contract, its obligation being to make specified stage payments to the construction company in the name of and on behalf of the Ahtens. The payments were to be made when the work had been completed to the appropriate stage, “to the satisfaction, and under the approval and direction,” of an expert for Citizens Homestead, who was named in the agreement.
For some undisclosed reason, the repairs to the home were never completed. The Ahtens brought this suit alleging that Citizens Homestead had breached an alleged obligation under the contract to supervise the construction work and had made the stage payments prematurely, all of which resulted in the failure of the contractor to do the work according to the plans and specifications provided in the contract and resulted in the work being done in a totally unacceptable manner. They also alleged that the contractor ultimately abandoned the job before its completion and instituted a proceeding to enjoin plaintiffs from attempting to have someone else complete the work.
The plaintiffs further allege that they placed the contractor in default and instituted a concursus proceeding in which they made claim against the contractor and its surety for the damages occasioned by the contractor’s failure to perform its obligation under the contract. Citizens was not made a party to the concursus proceeding. That suit was compromised upon the payment to the Ahtens of a substantial sum by the contractor and its surety.
Upon the institution of the instant suit, the defendant, Citizens Homestead, filed a third party demand against the contractor and its surety, alleging that any liability it might have, which liability it had denied in its answer, was only secondary to that of the contractor and its surety, and that if it were held liable on the principal de *405 mand, it was entitled to indemnification from them.
This case was before this Court once before for a review of the Trial Court’s dismissal of the third party demand. See Ahten v. Citizens Homestead Association, La.App., 144 So.2d 660. The principal demand against Citizens Homestead was not there passed on.
The case now comes to us for review of the Trial Court’s ruling, granting a motion for a summary judgment by Citizens. Only if there is no genuine issue of material fact was the summary judgment properly granted. With this proposition, neither party takes issue, but the plaintiff insists that there is such an issue, while the defendant contends there is none. The briefs and argument of each party relate solely to this dispute.
The difficulty we find with the position of counsel is that both have apparently overlooked the very obvious fact that the law applicable to a given case determines what is a material fact. Only these facts are material which have some legal significance, that is, control in some way the legal relations of the parties. And yet, counsel for neither side has discussed at all what the law applicable to this case may be.
This case could have been disposed of at the outset by an exception of no cause or right of action by Citizens. Without considering whether the plaintiffs’ petition otherwise states a cause of action, the allegation of settlement of the claim against the construction company and its surety destroys whatever claim they may have had. The obligation of the lending agency in a building contract is to make partial payments to the contractor as the work progresses. The appointment of an expert for the lending agency and the property owner is to insure that the work has been completed to the stipulated stage according to the plans and specifications made a part of the contract, before the payment is made.
 For its failure to make the necessary inspection before payment, a lending agency would be liable if the contractor had not done the work properly. But a lending agency can only be liable if the contractor has not performed its contractual obligation, and if the lending agency has made the payment for the work. The liability of the lending agency is, thus, secondary to that of the contractor, and it would be entitled to indemnification from him, if held liable.
Such being the case, we think a release of the contractor of its liability for breach of the building contract necessarily is a release of any liability of the lending agency for the contractor’s breach.
LSA-C.C. art. 2203 provides:
“The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
“In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission”
The release given to the contractor and surety recites that it is a release of all liability for failure of the contractor to perform the building contract in question here. The failure of the plaintiffs to reserve whatever right they may have had against Citizens, resulted in a release of these rights. The damage allegedly suffered by plaintiffs, and which forms the basis of their cause of action here, is the failure of the contractor to perform. The plaintiffs may only be compensated once for that damage. As they have sought that compensation from the contractor and surety, and granted them a full release from their liability without reserving any right against Citizens, who, if liable at all, was liable as a codebtor in solido with them, they are presumed to have been fully *406 compensated and to have discharged the codebtor as well.
There was clearly no issue of material fact in this case.
The judgment of the District Court is, therefore, affirmed.
Affirmed.