William Woody JONES

v.

Hyman GOLDSTEIN and A & H Transportation, Inc.

Civ. No. 17267.

United States District Court
D. Maryland.

Dec. 6, 1966.

Karl G. Feissner and Erwin A. Alpern, and Alpern & Feissner, of counsel, Rockville, Md., for plaintiff.

Paul Berman and Bayard Z. Hochberg, Baltimore, Md., for defendants.

FRANK A. KAUFMAN, District Judge.

## I.

At a pre-trial conference on November 22, 1966, counsel for the parties informally presented to the Court their opposing positions with regard to certain matters relating to discovery in this case, and requested the Court to determine the questions presented without any further proceedings. The Court will do so pursuant to Local Rule 7.

## II.

The complaint alleges that the defendant Goldstein, acting within the scope of his employment with the defendant A & H Transportation, Inc., filed a complaint and caused to be issued a warrant for the arrest of one "William Warren Jones"; that said complaint charged the criminal offense of not returning a motor vehicle at the termination of the period for which it was rented; that the warrant was forwarded to Virginia along with a physical description of "William Warren Jones"; that when a Virginia officer attempted to serve this plaintiff ("William Woody Jones") he observed that the plaintiff's description did not correspond to the description accompanying the warrant; that the warrant was returned to the Maryland authorities with a photograph and description of the plaintiff; that upon receipt of this information from the Maryland authorities and without undertaking any further efforts to establish the identity of the true culprit, the defendant Goldstein maliciously and wrongfully filed a second complaint alleging the same offense and changing the name and physical description to match that of the plaintiff; that plaintiff was subsequently arrested and detained; and that the charge against the plaintiff was later dismissed in criminal proceedings. Both defendants have answered, denying most of these allega-

tions and setting forth three affirmative defenses.

### III.

Plaintiff has served interrogatories on each of the defendants. The defendants have each refused to respond to certain of the questions propounded. Plaintiff has moved to compel answers to those questions.

A. Plaintiff's Interrogatory No. 2 addressed to each of the two defendants:

2. Set forth the facts upon which you base your sixth defense that plaintiff's declaration does not state a cause of action or claim upon which relief can be granted, setting forth the facts as you understand them to be, whereby plaintiff's declaration is deficient as set forth in your sixth defense.

The plaintiff's motion to compel an answer is hereby denied as it relates to each of the two defendants.

The defendants' Sixth Defense reads as follows:

1. For an affirmative defense, the Defendants allege that neither the Declaration, as a whole, nor any of the said five (5) Counts in the said Declaration heretofore filed by the Plaintiff, states a cause of action or claim upon which the relief asked for by the said Plaintiff can be granted.

Federal Rule 12(b) (6) provides, in part, that "every defense, in law or fact, to a claim for relief in any pleading, * * *, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * *, (6) failure to state a claim upon which relief can be granted, * * *."

"The motion to dismiss under Rule 12(b) (6) performs substantially the same function as the old common law general demurrer." 2 MOORE, FEDERAL PRACTICE ¶ 12.08, at 2244 (1965).

Defendants' Sixth Defense would seem to raise legal issues only. Plaintiff's Interrogatory No. 2 would require the defendant to state its legal positions with regard to the entire case. Such an inquiry is too broad.

B. Plaintiff's Interrogatory No. 3 addressed to each of the two defendants:

3. Regarding the occurrences set forth in the plaintiff's declaration, give a concise statement of the facts as to how you contend that the occurrences took place, setting forth what knowledge you have as to how arrest warrants were issued for plaintiff.

The plaintiff's motion to compel an answer is hereby denied as it relates to both of the two defendants without prejudice to plaintiff to rephrase the question. As drawn, the plaintiff's aforegoing interrogatory is too broad. Defendants can only "be required to answer interrogatories as to [their] position on specific points." Buining v. The Transporter, 171 F.Supp. 127, 135 (D. Md.1959) (Interrogatory No. 28).

C. Plaintiff's Interrogatory No. 4 addressed to the defendant A & H Transportation, Inc.:

4. If you contend that a person not a party to this action acted in such a manner as to cause or contribute to the occurrences set forth in plaintiff's declaration, give a concise statement of the facts upon which you rely.

The plaintiff's motion to compel an answer is hereby granted as it relates to the defendant A & H Transportation, Inc. A party may be required factually to particularize allegations made in his pleadings. May v. Baltimore & Ohio R. R. Co., 17 F.R.D. 288, 290 (D.Md. 1955). In Baltimore Transit Co. v. Mezzanotti, 227 Md. 8, 17–19, 174 A.2d 768, 773–774 (1961), the wording of Interrogatory "d" is almost identical with the wording of Interrogatory No. 4 herein. Further, the language of the applicable Maryland Rule set forth in the Mezzanotti case at 227 Md. 8, 12 n. 1, 174 A.2d

768, 770 n. 1, is similar to that of Federal Rule 26(b). Although the defense which is the subject matter of this interrogatory is not in specific terms raised in defendants' answer to the complaint, it may fairly be read into the Seventh Defense wherein the defendants assert that they did not commit the torts alleged by the plaintiff.

D. Plaintiff's Interrogatory No. 9 addressed to the defendant A & H Transportation, Inc.:

9. Are the officers and directors of your corporation, officers and directors of any other corporations. If the answer to this question is in the affirmative, state which officers and directors are officers and directors of any other corporations.

The motion to compel an answer is hereby denied. The interrogatory as drafted solicits material which would not seem to be relevant to plaintiff's cause of action. Conceding that the requirement of relevancy is to be liberally construed in connection with discovery under the Federal Rules, nevertheless the Court does not believe that Rule 33 provides litigants with *carte blanche* to pry into all of the affairs of a party opponent. Some connection between the answer sought to be elicited and the nature of the litigation must appear. Should the plaintiff wish to determine whether the defendant Goldstein acted, with regard to the subject matter of the allegations in this case, as the agent or servant of a corporation in addition to or other than the defendant A & H Transportation, Inc., he is hereby granted leave to propound an interrogatory to either or both defendants which directs itself with sufficient specificity to such matter.

## IV.

Neither of the defendants signed their respective answers to the interrogatories served upon them. The interrogatories served upon the defendant Goldstein were addressed as follows: "To: Hyman Goldstein, % Sullivan & Pittler, 1010 One Charles Center, Baltimore, Maryland 21201." The interrogatories served upon the defendant A & H Transportation, Inc. were addressed thus: "To: A & H Transportation, Inc., % Sullivan & Pittler, 1010 One Charles Center, Baltimore, Maryland 21201." The answers to these interrogatories were in both instances signed by Robert L. Sullivan, Jr., Leslie M. Pittler, and the firm of Sullivan & Pittler, attorneys for the defendant. Federal Rule 33 provides in part, as follows:

Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. * * * The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; * * *.

The answers to the interrogatories addressed to the defendant Goldstein were not personally signed by him, as required by Rule 33. 4 MOORE, FEDERAL PRACTICE ¶ 33.25 (1963). Therefore, the defendant Goldstein is hereby required forthwith to respond to said interrogatories under his own signature.

The answers to the interrogatories addressed to the corporate defendant herein were properly signed by its attorneys. When interrogatories are addressed to a corporation, "the propounding party should not be heard to complain if the answers are signed by the attorney [for the corporation], if he has not designated any particular person to answer" [4 MOORE, FEDERAL PRACTICE ¶ 33.07 (1963)], and if the attorney has personal knowledge of the facts set forth in the answers. See Antgoulatos v. Honduran S.S. Norlandia, 139 F.Supp. 385, 386–387 (D.Md.1956).

## V.

Plaintiff has given notice that he wishes to take the depositions of defendant Goldstein and of defendant A & H Transportation, Inc., the latter through its President, Harry Waller. The notice provides that these are to be taken at the offices of plaintiff's counsel in Montgomery County, Maryland. The defendant Goldstein is a resident of Baltimore, Maryland, and counsel for defendants has represented that Mr. Waller also resides in Baltimore and that the offices of defendants' counsel are located in Baltimore. Rule 45(d) (2) of the Federal Rules of Civil Procedure provides that "a resident of the district in which the deposition is to be taken may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court." Plaintiff's only contention is that the Court should, for the convenience of his counsel, exercise its discretion under the last clause of that sentence and designate his counsel's offices in Montgomery County as "such other convenient place." Where two deponents would be required to travel to a county other than that wherein they reside, and where the office of counsel for the defendants is located in the city in which both deponents reside, something more than a bare allegation of the convenience of counsel for plaintiff must be shown before the Court will exercise its discretion under Rule 45(d) (2). The defendants' motion to quash the notice of taking of depositions is, therefore, granted with leave to plaintiff to issue another notice designating a place in Baltimore City for the taking of depositions.

## VI.

I am authorized to state that the other Judges of this Court concur in all of the rulings set forth in this opinion.