559 P.2d 1192

Orth C. LACKEY and Mary R. Lackey, Plaintiffs-Appellants,

v.

MESA PETROLEUM COMPANY, Koch Oil Company, and the Permian Corporation, Defendants-Appellees.

No. 2408.

Court of Appeals of New Mexico.

Aug. 31, 1976.

Joseph E. Roehl, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for plaintiffs-appellants.

Harold L. Hensley, Jr., Paul J. Kelly, Jr., Hinkle, Bondurant, Cox & Eaton, Roswell, for defendants-appellees Mesa and Permian.

Thomas F. McKenna, Albuquerque, for defendant-appellee Koch.

## OPINION

SUTIN, Judge.

Plaintiffs appeal from an adverse summary judgment granted all defendants, arising out of a claim for damages and an accounting from defendants based upon an oil and gas lease. We reverse.

A. *Interrogatories signed and verified by Mesa's attorney were not under oath and did not support its summary judgment.*

Rule 33 of the Rules of Civil Procedure provides in part:

Any party may serve upon any adverse party written interrogatories to be answered by the party served or, *if the party served is a * * * private corporation * * *, by any officer or agent, who shall furnish such information as is available to the party. * * * The in-*terrogatories shall be answered separately and fully in writing under oath.* The answers shall be signed by the person making them; * * *.

Plaintiff submitted extensive interrogatories to defendant Mesa Petroleum Company, a private corporation. Answers were signed and verified by an attorney of record in this case. The verification was made *on information and belief* "for the reason that the said Defendant does not have an officer or other agent available at this time for such purpose."

■ Answers to interrogatories, based solely on information and belief, are not sufficient to assist Mesa in its claim for summary judgment. These answers must be made *under oath. United States v. 58.16 Acres of Land, Etc., Clinton Cty., Ill.,* 66 F.R.D. 570 (D.Ill.1975).

■ An oath is an appeal by a person to God, to witness the truth of what he declares. *Youngstown Steel Door Co. v. Kosydar,* 33 Ohio App.2d 277, 294 N.E.2d 676 (1973); *In Re Rice,* 35 Ill.App.2d 79, 181 N.E.2d 742 (1962); *Asher v. Sizemore,* 261 S.W.2d 665 (Ky.1953); *Miller v. Palo Alto Board of Supervisors,* 248 Iowa 1132, 84 N.W.2d 38 (1957); 67 C.J.S. Oaths and Affirmations § 1 (1950); 58 Am.Jur.2d, Oath and Affirmation, § 1 (1971).

■ An attorney may answer interrogatories as an agent of a private corporation but verification must state that the attorney made answers to the interrogatories with *personal knowledge* that the answers were true and correct. *Jones v. Goldstein,* 41 F.R.D. 271 (D.Md.1966); *Antgoulatos v. Honduran S. S. Norlandia,* 139 F.Supp. 385 (D.Md.1956); *Nagler v. Admiral Corporation,* 167 F.Supp. 413 (D.N.Y.1958). In *Nagler,* the Court said verification on "knowledge, information and belief" leaves a party "with convenient avenues of evasion. It skillfully manages to avoid the requirement of distinguishing between matters stated on a party's own knowledge and matters stated on information and belief. It also per-

mits each [party] to avoid stating specifically under oath with respect to questions he claims to be unable to answer, that he does not have the information necessary to answer the question, and that the answers given reflect all the information available to him." [167 F.Supp. at 415].

Mesa relies on 4A Moore's Federal Practice § 33.07 (1975). This authority holds that an attorney may sign for a private corporation, but *Moore's* does not discuss the verification by the attorney. Section 33.26, p. 33–143, states:

> In 1946, the Rule was amended to make it clear that whatever officer or agent of the corporation is chosen to answer and verify interrogatories on behalf of a corporate party, he must " * * * funish [sic] such information as is available to the party." *Thus a corporation's answers must include facts and knowledge of its agents and any person under its control.* [Emphasis added].

*Bailey v. New England Mut. Life Ins. Co.,* 1 F.R.D. 494 (D.Cal.1940) says:

> Rule 33 has a distinctive function separate and apart from the other rules, *in the discovery of truth reposing in the mind of the defendant, bearing upon the issue in preparation for trial.* It is peculiarly adopted to the use of parties in preparing for trial, in the interest of economy of time, for if admissions are made the fact is established, or if answers are adverse, and believed untrue, or the fact camouflaged in such a fashion as to becloud the truth, for use in cross-examination to clarify the answers, and uncover the truth. [Emphasis added] [1 F.R.D. at 495].

■ We hold that where an oath is required to verify answers to interrogatories by an officer or agent of a private corporation, the verification must state the truth of the answers. Mesa relies primarily upon its answers to plaintiffs' interrogatories to support summary judgment. Its answers on information and belief are ineffective. In their absence, genuine issues of material fact exist.

**B.** *The court's order sustaining objections by Mesa to interrogatories of plaintiffs under Rule 33 is erroneous.*

Plaintiffs submitted interrogatories to defendant Mesa on *January 20, 1975.* Mesa made objections to many of the interrogatories, but did not, pursuant to Rule 33, supra, "serve written objections thereto *together with a notice of hearing the objections at the earliest practicable time."* [Emphasis added]. At least five days' notice should be given as provided by Rule 6(d) of the Rules of Civil Procedure. In this instance, the record shows that no notice was ever given and no hearing was ever held. On December 1, 1975, the day summary judgment was entered, the trial court entered an order that "Objections to Interrogatories previously filed by the Defendant, Mesa Petroleum Co., are well taken and therefore such interrogatories need not be answered." Mesa submits that its inadvertent failure to serve a notice of hearing at the earliest practicable time did not constitute a waiver of their objections.

■ Rule 33 should be strictly adhered to. However, where the objector informs the objectee that he will try to arrange an agreeable date for a hearing on the objections, a "just" determination requires that the objections not be waived. *Miller v. United States,* 192 F.Supp. 218 (D.Del.1961). This ruling constitutes a technical failure to comply with the terms of Rule 33, resulting in no prejudice and apparently little delay. But where the objectee informs the objector of his failure to comply with the rule, and the objector ignores the warning for a substantial period of time, objections are overruled. *Baldwin v. Liberty Mutual Fire Insurance Company,* 33 F.R.D. 311 (D.Del. 1963).

■ In the instant case, Mesa did not comply with the rule, and gave no notice to plaintiffs of an intention to comply. Over eleven months passed before the court, without a hearing, sustained the objections and on the same day entered summary judgment. Mesa's failure to comply with the rule, and plaintiffs' prejudice resulting therefrom, could require that Mesa's objec-

tions to plaintiffs' interrogatories be waived and overruled. We do not, however, declare that result. This matter rests within the discretion of the trial court after a hearing.

Mesa does not reach the essence of the rule—that a hearing is necessary because "The burden of persuasion is on the objecting party to show that the interrogatories should not be answered—that the information called for is privileged, not relevant, or in some other way not the proper subject of an interrogatory." 4A Moore's Federal Practice § 33.27, pp. 33–152, 153. We note that all objections made are insufficient. See, infra. If a hearing is held, it should be noted that the objections presently made should be overruled and proper objections should be made or answers given under oath.

*Cardox Corp. v. Olin Mathieson Chemical Corp.,* 23 F.R.D. 27 (D.Ill.1958), says:

Rule 33 establishes a method of making objections, including provisions for notice and hearing thereon, and an orderly procedure for the disposition of the same. Above all, the Rule contemplates that all objections will first be submitted to the court for its consideration and decision. * * * The best interests of parties litigant and of the court are served if all parties are held to strict account in their compliance with established and orderly procedures. [23 F.R.D. at 31].

■ In the instant case, the trial court proceeded to a ruling without a hearing. This failure to grant plaintiffs a hearing on objections to interrogatories was erroneous.

C. *The court's order sustaining objections by Koch to plaintiffs' interrogatories is erroneous.*

Plaintiffs submitted extensive interrogatories to defendant Koch Oil Company. After hearing, the trial court sustained objections to numerous interrogatories.

In support of Koch's motion in support of its defense that plaintiffs failed to state a claim for relief, Koch filed an affidavit of Frederick J. Hansen, house counsel for and assistant secretary of Koch Industries, Inc., parent of Koch Oil Company.

■ Plaintiffs' interrogatories were directed to this affidavit.

Defendant Koch's objections were stated as follows:

3. As to question No. 5(a), (b), (c), (d), (e), (k), they are oppressive, burdensome, ambiguous, not within the scope of the issue and not reasonably calculated to the discovery of admissible evidence; the affidavit was submitted only in connection with the Motion to Dismiss.

\*   \*   \*   \*   \*   \*

6. As to question No. 8, it is beyond the scope of the case and calls for an opinion and conclusion and Koch Oil Company is not a party to the lease, and is not proper discovery.

7. As to question No. 9(b), (c), (d), (e), (f) is beyond the scope of the case, calls for legal opinions and conclusions, is not calculated to proper discovery.

8. As to question No. 10, such is not a proper question under the Rules, calls for opinions and conclusions, and amounts to argumentation and is beyond the scope of the case as to this defendant.

These objections are not sufficient. Extensive authority is cited in support of the following statement made in 4A Moore's Federal Practice § 33.27, pp. 33–151, 152:

General objections, such as the objection that the interrogatories will require the party to conduct research and compile data, or that they are unreasonably burdensome, oppressive, or vexatious, or that they seek information that is as easily available to the interrogating as to the interrogated party, or that they would cause annoyance, expense, and oppression to the objecting party without serving any purpose relevant to the action, or that they are duplicative of material already discovered through depositions, or that they are irrelevant and immaterial, or that they call for opinions and conclusions, are insufficient.

The trial court did not state its reasons for sustaining defendant Koch's objections

to the above numbered interrogatories. The ruling of the court, therefore, was erroneous; Koch is required to answer the above numbered interrogatories.

### D. Summary judgments granted are reversed.

Plaintiffs sued defendants for: breach of contract and for payment due under an oil and gas lease; for an accounting of production, taxes, costs and moneys received to date, and for an injunction from further defaults in payments; and in tort for compensatory and punitive damages arising from the wrongful, negligent and malicious acts of the three defendant oil companies.

### (1) Defendant Mesa

█ In the absence of answers to interrogatories, we are left with the answer of Mesa. Defendant Mesa answered in admissions and denials with two affirmative defenses: (1) the complaint failed to state a claim upon which relief can be granted, and (2) plaintiffs are estopped by the express terms of the oil and gas lease. Based upon the pleadings, Mesa is not entitled to summary judgment under Rule 56(c). The burden was on Mesa to establish a prima facie case showing there was no genuine issue of material fact. It failed to do so.

### (2) Defendant Koch

Defendant Koch answered in admissions and denials with three affirmative defenses: (1) the complaint fails to state a claim upon which relief may be granted; (2) the complaint violates Rule 8, Rules of Civil Procedure; (3) Koch Oil Company is holding moneys for the presumed account of the plaintiffs because of the failure of the plaintiffs to first sign Koch's Division Order, a customary and established procedure in the oil and gas industry.

### (a) First Defense

Koch filed an affidavit in support of its first defense, that of failure to state a claim, but its motion to dismiss was denied.

### (b) Third Defense

In support of the third defense, Koch filed an affidavit by Hansen that plaintiffs' attorney was previously supplied with accountings of all production from the lease purchased by Koch and supplied the latest accounting through the month of August, 1975; Hansen averred that further accountings will be delivered to plaintiffs or their attorney, and all sums held in suspense and accruing to plaintiffs will be promptly remitted in due course of business.

In response, plaintiffs filed an affidavit that stated:

10. We have never received any accounting that we could understand of what was produced, when it was produced, who produced it, what was our pro-rata share, who we were to receive it from, why we were to receive it, what oil was being produced, what gas was being produced, what other products were being produced, who the products were being sold to, for what price, what reports were being made to the State or other governmental agencies, what taxes were due, what taxes were being paid, etc.

11. We have received a half a dozen or more forms from different sources that we have been asked to sign. Some of the forms merely have our name on them and a red "X" as the place to sign but no explanation as to why we should sign.

█ A genuine issue of fact exists, on the third affirmative defense, on the issue of an accounting.

### (c) Summary Judgment

Based on the pleadings filed, genuine issues of material fact exist on the various claims of plaintiffs against Koch.

### (3) Defendant Permian

For the reasons stated supra, genuine issues of material fact exist.

The summary judgments granted defendants are reversed.

## 70

### E. Motions for summary judgment were adequate under Rule 7(b)(1).

Plaintiffs moved the trial court to strike and quash defendants' motions for summary judgment because defendants failed to comply with Rule 7(b)(1) of the Rules of Civil Procedure. Plaintiffs claim this was error. We disagree. This rule reads:

*An application to the court for an order shall be by motion which,* unless made during a hearing or trial, shall be made in writing, *shall state with particularity the grounds therefor,* and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. [Emphasis added].

■ Summary judgment can be granted when "there is no genuine issue as to any material fact". Rule 56(c) of the Rules of Civil Procedure. A motion for summary judgment, based upon Rule 56, which states that there is no genuine issue as to any material fact, does "state with particularity the grounds therefor". *United States v. Krasnov,* 143 F.Supp. 184 (D.Pa.1956).

### F. Plaintiffs' complaint violates Rule 8(a) of the Rules of Civil Procedure.

■ Plaintiffs' complaint violates Rule 8(a) of the Rules of Civil Procedure. It is suggested that an amended complaint be filed in accordance with Rule 15 of the Rules of Civil Procedure, and that it be in compliance with Rule 8(a).

Reversed.

IT IS SO ORDERED.

LOPEZ, J., concurs.

HERNANDEZ, J., dissenting.

HERNANDEZ, Judge (dissenting).

I respectfully dissent.

In my opinion all six of plaintiffs' points of error are without merit.

Rule 56(c), N.M.R.Civ.P. provides, in pertinent part, that:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *material fact* and that the moving party is entitled to a judgment as a matter of law." [Emphasis mine]

Ballentine's Law Dictionary defines "fact" as:

"A thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurrence. An actual happening in time or space or an event mental or physical. That which has taken place, not what might or might not have taken place."

"A material fact is one of such a nature as will affect the result or outcome of the case depending upon its resolution." *Rathbun v. W. T. Grant Company,* 300 Minn. 223, 219 N.W.2d 641 (1974). "[T]he law applicable to a given case determines what is a material fact. Only these facts are material which have some legal significance, that is, control in some way the legal relations of the parties." *Ahten v. Citizens Homestead Association,* 163 So.2d 403 (La.App.1964).

The material facts upon which the outcome of this case depends, as I see them, are the following: Plaintiffs, in paragraph 1 of their complaint, admit that on or about November 7, 1969 they entered into an oil and gas lease with Pubco Petroleum Corporation. Plaintiffs, in paragraph 3 of their complaint, acknowledge that Mesa Petroleum Company is the successor in interest to Pubco Petroleum Corporation. Plaintiffs, in paragraph 4 of their complaint, acknowleged having received a division order from the defendant, Koch Oil Company and attached a copy of it to their complaint. Exhibit "F" to plaintiffs' complaint is a letter from Koch Oil Company to the plaintiffs informing them that they were holding several thousand dollars of royalty payments pending receipt of an executed division order, and that upon receipt of that order a check would be sent to plaintiffs. Plaintiffs, in paragraph 6 of their complaint, acknowledge receipt of a division order from the defendant, Permian Corporation, and attached a copy of it to their complaint. The lease (Ex. A to plaintiffs' complaint)

recites, among other things, that: (1) It would remain in force for a term of five years and as long thereafter as oil and gas were produced; and (2) the royalties to be paid to plaintiffs were ³⁄₁₆ths to be delivered at the wells or to the credit of the plaintiffs in the pipe line to which the wells might be connected. Plaintiffs, in answer to interrogatories propounded by the defendant, Koch Oil Company, stated that they had not made any arrangements for taking their share of the production in kind and that they had not made any arrangements or contracts to sell their share.

Mr. Frederick J. Hansen, house counsel and assistant secretary of Koch Industries, Inc., of which the defendant, Koch Oil Company was a division, stated the following in his affidavit: (1) that Koch Oil Company has been engaged in the business of purchasing crude oil and other liquid hydrocarbons in excess of 20 years; (2) that it engages in such business in 11 states, including New Mexico, and is "presently the largest single purchaser by volume of such hydrocarbons in the states of Oklahoma and Kansas"; (3) that Koch Oil Company consistently requires the execution of division orders before making payment; (4) that he personally was intimately familiar with Koch Oil Company hydrocarbon purchasing business for more than 10 years, and that he could not remember of the company ever disbursing money for such purchases without a signed division order; (5) that to the best of his knowledge the practice followed by Koch Oil Company was the common and customary practice followed throughout the oil industry; (6) that Koch Oil Company's form of division order contains only usual and customary terms commonly found in division orders from other purchasers.

The law applicable to this case, in my opinion, is the following: "An oil and gas lease is merely a contract between the parties and is to be tested by the same rules as any other contract." *Leonard v. Barnes,* 75 N.M. 331, 404 P.2d 292 (1965). Judge Phillips speaking for the court in *Wolfe v. Texas Co.,* 83 F.2d 425 (10th Cir. 1936), involving many of the issues in this case, stated:

"Parties to a contract are presumed to know a well-defined trade usage generally adopted by those engaged in the business to which the contract relates.

Persons, who enter into a contract in the ordinary course of business; unless the terms of the contract indicate a contrary intention, are presumed to have incorporated therein any applicable, existing general trade usage relating to such business.

\*     \*     \*     \*     \*     \*

In the absence of an express provision in an oil and gas lease with respect to marketing the production, there is an implied duty on the part of the lessee to make diligent efforts to market the production in order that the lessor may realize on his royalty interest."

"A division order is an instrument required by the purchaser of oil and gas in order that it may have a record showing to whom and in what proportions the purchase price is to be paid." *Wagner v. Sunray Mid-Continent Oil Company,* 182 Kan. 81, 318 P.2d 1039 (1957). Section 20–4–103(a), N.M.S.A. 1953 (Repl. Vol. 4, Supp. 1975) provides: "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Our Supreme Court in *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972) adopted the following from 3 Barron and Holtzoff, Federal Practice and Procedure, § 1234 at 124–126 (Revised by Wright 1958), as the test to be applied in evaluating a motion for summary judgment:

"Though it has been said that summary judgment should not be granted if there is the 'slightest doubt' as to the facts, such statements are a rather misleading gloss on a rule which speaks in terms of 'genuine issue as to any material fact,' and would, if taken literally, mean that there could hardly ever be a summary judgment, for at least a slight doubt can be developed as to practically all things human. A better formulation would be that the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine

issue exists. If there are such reasonable doubts, summary judgment should be denied. A substantial dispute as to a material fact forecloses summary judgment."

Looking now at some of plaintiffs' specific contentions. As to Mesa Petroleum Co., plaintiffs contend that Mesa's objections and answers to interrogatories are invalid and "are utterly of no force and effect whatsoever on the consideration of the motion for summary judgment." Assuming, but not deciding, that this contention is correct any consideration of either of these documents by the trial court would be harmless error because all of the material facts are contained in other documents, mostly in plaintiffs' complaint. Plaintiffs further contend that "there being not a single item, word or phrase properly of record for Mesa Petroleum Co. other than its answer" the trial court prematurely and therefore erroneously granted Mesa's motion for summary judgment. Rule 56(c), supra, does not limit the trial court's consideration solely to pleadings and other documents submitted by the movant. The trial court can consider all pleadings and other documents properly of record.

As to Koch Oil Co., plaintiffs contend that since Koch admitted that it was holding money belonging to plaintiffs that the trial court erred in entering a judgment as to Koch which recited that Koch: "have and recover judgment on all issues in this cause, dismissing this action with prejudice." Plaintiffs in their complaint prayed that defendants be required to make a proper accounting and to "show cause to justify their continued illegal actions" and for such other relief as might be proper under the circumstances. Koch in an affidavit by Mr. Frederick J. Hansen, its house counsel, in support of its motion for summary judgment gave an accounting through the month of August, 1975. Any claim that plaintiffs might have against Koch for such money was not foreclosed by this judgment.

Plaintiffs under Point of Error II, state that an oil and gas lease is a contract and that it is to be construed most strongly against the lessee. That such a lease contains implied covenants on the part of the lessee, i. e., to market the production, to develop the properties, to explore, to discover and to produce. They then state that: "it is the contention of plaintiffs that the oil and gas lease has been breached" but that the extent of the breach is unknown. Paragraphs 7 and 8 are equally unspecific as to who, when and how, any of the defendants breached any of these implied covenants. The most specific allegation is contained in paragraph 7, to-wit: "The Defendants and each of them have breached the implied duty of fair dealing with the plaintiffs." I would first point out that Koch Oil Co. and the Permian Corporation are not parties to the lease, and consequently, are not bound by any of its terms, express or implied. Mesa's answers to paragraphs 7 and 8 of plaintiffs' complaint were as follows:

"6. Answering Paragraph 7, Defendant admits that the oil and gas lease contains numerous and varied implied covenants and that this Defendant, as successor in interest and title to Pubco Petroleum Corporation, is the designated agent of the Plaintiffs for purposes of delivering the oil to pipeline purchasers for the Plaintiffs' credit, all of which has been done in accordance with law and the requirements of the oil and gas lease in question. Defendant denies the remaining allegations contained in said Paragraph 7.

"7. Answering Paragraph 8, Defendant denies any failure to comply with the express and implied provisions, conditions, covenants, duties or obligations which it assumed under the terms of the lease agreement in question and further denies that the Plaintiffs are entitled to any injunction or other relief by reason of the foregoing allegations."

These answers together with Mesa's letter of September 27, 1974, (Exhibit "H" to plaintiffs' complaint) to plaintiffs, the affidavit of Mr. Frederick J. Hansen, dated February 28, 1975, together with the lease (Exhibit "A" to plaintiffs' complaint), in my

opinion, established a prima facie showing on the part of Mesa that it was entitled to summary judgment. Once such a showing was made the burden was on the plaintiffs to come forward and demonstrate that a genuine issue of fact existed. *Goodman v. Brock,* supra. Plaintiffs filed two affidavits in response, one by their attorney, Mr. Joseph E. Roehl, four paragraphs of which merit discussion: (1) that Mesa's motion should be stricken for failure to comply with the provisions of Rule 7(b)(1), N.M.R. Civ.P.; (2) that the motion should be stricken because it was premature in that Mesa had not made "good, sufficient and proper answers" to certain enumerated interrogatories; (3) that since Mesa had denied the allegations of paragraph 18 of the complaint that this then raised a genuine issue for trial; (4) that plaintiffs would shortly file an amended complaint setting forth plaintiffs' theories and causes of action in individual counts. Rule 7(b)(1), supra, does not apply to motions for summary judgment because Rule 56 is sui generis. Furthermore, a motion for summary judgment does not require specification beyond the appropriate language of the statute. Mesa's answers to interrogatories were filed February 5, 1975, and Mr. Roehl's affidavit was filed November 12, 1975. During this period of nine months plaintiffs had an appropriate remedy under Rule 37(a), N.M. R.Civ.P. and did not avail themselves of it. Considering that the primary purpose of Rule 56 is to hasten the administration of justice and expedite litigation [*Agnew v. Libby,* 53 N.M. 56, 201 P.2d 775] raising such a defense at this late date was not timely. Paragraph 18 of plaintiffs' complaint states: "The ex parte action of the Defendants herein involved is totally invalid and not binding upon the plaintiffs." Plaintiffs are referring to the division orders sent to them by Koch and Permian. As plaintiffs in their brief-in-chief acknowledge, there is an implied covenant in oil and gas leases with respect to marketing the production. There is an implied duty on the part of a lessee to make diligent efforts to market the production. *Darr v. Eldridge,* 66 N.M. 260, 346 P.2d 1041 (1959).

Therefore, when plaintiffs did not provide storage or arrange for the sale of their share of the royalty it became Mesa's duty to market it. Under the existing trade practice the purchasers of the oil have the right to withhold payment until a division order signed by plaintiffs had been furnished. *Wolfe v. Texas Co.,* supra. Hence, Mesa's denial of the allegations of paragraph 18 did not raise a material issue of fact for determination at trial. Plaintiffs' statement that they intended to file an amended complaint was not a valid ground for denying defendants' motions. A motion for summary judgment cannot be defeated by reason that the plaintiffs may have a good cause of action on a differently stated complaint. *Bright v. O'Neill,* 3 A.D.2d 728, 159 N.Y.S.2d 742 (1957). The affidavit of the plaintiff, Mary R. Lackey, did not, in my opinion, controvert any of the material facts.

"If upon consideration of all material undisputed facts, a basis is present to decide the issues as a matter of law, summary judgment is proper." *Worley v. United States Borax and Chemical Corp.,* 78 N.M. 112, 428 P.2d 651 (1967). Since all of the material facts were undisputed nothing remained for the trial court to do but to determine whether defendants were entitled to a judgment based on those facts. The trial court, in my opinion, correctly determined that they were entitled to a judgment. Granted that plaintiffs alleged many things in their long complaint, however, even assuming the correctness of all of them aside from those facts recited above, none were material to the outcome of this litigation.